ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COM-
PANY v. PAUL.

Opinion delivered May 3, 1915.

1. CARRIERS—REGULATION BY STATE.—The State has the right to enact
appropriate legislation regulating the business of common carriers.

2. CARRIERS—FAILURE TO FURNISH CARS—TIME FOR BRINGING SUIT.—Act
193, p. 453, Acts 1907, held to limit the time within which suits
may be instituted against a common carrier for failure to furnish
freight cars, to the period of one year.

Appeal from Jefferson Circuit Court; *Antonio B.
Grace*, Judge; reversed.

*E. B. Kinsworthy* and *W. G. Riddick*, for appellant.

The suit was not instituted within one year after the
alleged cause of action accrued, nor within one year
after the date appellees became aware of their cause of
action against appellant. The cause of action is barred,
and the court ought to have directed a verdict for ap-
pellant. Act 193, Acts 1907, p. 453, 464, § 21.

Act 277, Acts 1909, p. 814, is not inconsistent with
the foregoing act, does not cover the whole subject-mat-
ter of the former act, and, therefore, does not repeal
any provision of the former act not specifically covered
by its own terms and provisions. 41 Ark. 149; 92 Ark.
266; *Id.* 600; 101 Ark. 238. The statute of limitation
provided in the first act is, therefore, still in force.

*J. L. Shaw*, for appellees.

The section relied on by appellant also provides that
no action shall be brought after two years from the time
the right of action accrued, and this suit was brought
within that time. This act does not abrogate the com-
mon law rule by which it is the duty of appellant to de-
liver cars within a reasonable time after demand made
therefor, and under which rule appellant had the right
to bring suit within three years after the cause of ac-
tion accrued.

SMITH, J. Appellees made a demand in writing on
appellant on or about September 28, 1912, for a car and

stated in the demand that appellees desired to load stave bolts in said car for shipment. The car was not delivered until about October 28 thereafter and as a result of this delay the bolts were damaged. Appellees commenced suit on May 8, 1914, and recovered judgment for the amount of the damage done the bolts and this appeal has been duly prosecuted.

It will be observed the suit was not commenced until more than one year and seven months after the damage had occurred, and appellees' cause of action had accrued, and the question in the case is whether the cause of action was barred at the time of the institution of the suit. In the absence of legislation limiting the period within which such suits might be brought the period of limitation would be three years. But the Legislature, by Act No. 193, p. 453, of the Acts of 1907, passed a comprehensive act entitled "An Act to regulate freight transportation by railroad companies doing business in the State of Arkansas." The right of the State to enact appropriate legislation regulating the business of common carriers has been often recognized in the decisions of this court, and those of all other States and is a right which exists without question, and is one which has been freely exercised. Some of the legislation is declarative of the common law duties of common carriers, while much of it imposes additional duties, and, when the rights and duties of carriers are defined by statute such statutes must govern not only in ascertaining what the rights and duties of such carriers are, but also in their enforcement, when the legislation undertakes to provide remedies for their enforcement. The act in question defines the rights of shippers and the duties of carriers when cars are required and demanded for the shipment of freight. After enacting various provisions in this behalf section 21 of the act among other things, provides a time within which suit must be brought to recover damages for failure to furnish cars. It is there provided that no action shall be sustained unless brought within one year after the cause of action accrued, or within one year after the party complaining shall have come to the knowledge of

his or her right of action, with a *proviso* that no action shall be brought after two years from the time the right of action accrues. The two year *proviso* can have no application to the facts of this case, if the act applies at all.

We think the act should be held applicable to suits growing out of a railroad's failure to furnish cars. The Legislature has by this act imposed several additional burdens on railroads and having done so has seen fit to limit the time within which suits may be instituted to recover damages for failure to perform these duties. A study of the act gives no support to the position that the Legislature intended there should be a difference between the time within which suit should be instituted when the failure to furnish cars was such that a common law action would lie therefor, and the case where the cause of action was a failure to comply with the statute requiring cars to be furnished shippers. There are cogent reasons why the Legislature should limit to the period of a year the time within which suits may be instituted for failure to furnish cars, and we think the act in question accomplished that result.

The judgment of the court below is therefore reversed and the cause dismissed.