MISSOURI PACIFIC RAILROAD COMPANY *v.* ARMSTRONG.

Opinion delivered January 11, 1932.

*R. E. Wiley* and *Henry Donham,* for Mo. Pac. Rd. Co. and *McRae & Tompkins* for Prescott & N. W. Rd. Co., appellants.

*Bush & Bush,* for appellee.

SMITH, J.   The controlling facts out of which this case arose are undisputed and are as follows.   Appellee is the proprietor of a small nursery about five miles from Prescott, at which city G. A. Hayes was the station and freight agent during the months of November and December, 1928, for both the Missouri Pacific and the Prescott & Northwestern railroads.   Both railroads used the same depot, freight offices and employees.

On November 22, 1928, appellee ordered twenty bushels of peach seed to be shipped him from Concord, Georgia, and on the same day he called on Mr. Hayes, the railway agent, and advised him of the order and told him that it was getting late and an early delivery of the seed was essential for their planting and germination, and Hayes was told the damage which would result in, delay, and he advised appellee that, unless there was delay in transit, the seed would arrive in eight or ten days. Appellee also advised the railway agent of a similar order of peach seed from Tokio, Arkansas, a station on the Prescott & Northwestern Railroad, of which road Hayes was also the agent, and that this shipment of seed would come over that road.

The seed from Georgia were shipped on November 27, 1928, and were delivered in Prescott on December 8th thereafter.   The order from Tokio arrived about the same time.   Mr. Hayes did not advise appellee of the arrival of the seed, and they remained in the freight house until December 28th, when appellee was advised by the Agricultural Agent of the Prescott & Northwestern Railroad that the seed were at the freight house.   Appellee imme-

diately called for and received the seed and planted them in the usual manner, but on account of the delay in their receipt, and the consequent delay in planting, the seed did not germinate in time for budding, this being the use for which Hayes, as agent, had been advised the seed were intended. The seed were planted, and in May such of the sprouts as had come up were plowed under and the land was planted in cotton.

On March 1, 1930, suit was brought against the Prescott & Northwestern road, and on March 8, 1930, an amendment to the complaint was filed making the Missouri Pacific Railroad Company a party defendant. On the............day of April, 1930, the Missouri Pacific filed a petition to sever and to remove to the Federal court, whereupon the cause was dismissed as to that defendant. At the October, 1930, term of the court the case against the Prescott & Northwestern road was tried, and there was a verdict for the plaintiff on account of the Tokio shipment and a directed verdict for the railroad as to the Georgia shipment. Upon motions for a new trial being filed, both verdicts were set aside, and on November 3, 1930, an amended and substituted complaint was filed against both railroad companies, alleging damages in the sum of $3,000 as to the Georgia shipment and $700 as to the Tokio shipment. There was a trial with verdict and judgment against the Prescott & Northwestern Company for $50 on account of the Tokio shipment and against both railroads for $500 on account of the Georgia shipment, and this appeal is from that judgment.

A number of questions have been raised for the reversal of the judgment which we find it unnecessary to discuss, for the reason that the cause of action was barred when the suit was filed from which this appeal comes.

This cause of action is predicated upon the failure of the railroad agent to give the consignee notice of the arrival of the seed. No claim is made that the shipment was delayed in transit or that the seed were damaged, but there was a failure of the railroad agent to notify the consignee of the arrival of the shipments.

A cause of action for a failure to give notice of the arrival of a shipment is conferred by § 897, Crawford & Moses' Digest, which provides that railroad companies shall, within twenty-four hours after the arrival of a shipment, give notice, by mail or otherwise, to the consignee of the arrival of the shipment, with the weight and the amount of freight charges due thereon. *Spears* v. *Mo. Pac. Rd. Co.*, 183 Ark. 945, 39 S. W. (2d) 727.

This section of Crawford & Moses' Digest is § 3 of act 193 of the Acts of 1907 (acts 1907, p. 453) which was an act entitled "An Act to regulate freight transportation by railroad companies doing business in the State of Arkansas."

By § 21 of this act, which appears as § 913, Crawford & Moses' Digest, it is provided that if any railroad company shall violate any of the provisions thereof, and "shall not do or permit to be done any act, matter or thing in this act required to be done," such railroad company shall be held to pay to the person injured thereby the actual amount of damages so sustained. But the section further provides: "No action aforesaid shall be sustained unless brought within one year after the cause of action accrued, or within one year after the party complaining shall have come to the knowledge of his or her right of action. Provided that no action shall be brought after two years from time right of action accrues, and as many causes of action as may have accrued within the year to any one person, firm or corporation, including damages, forfeitures, demurrage, etc., may be joined in the suit or complaint."

The plain meaning of the language quoted is that a person having a cause of action conferred by this act 193 shall institute suit to enforce it "within one year after the party complaining shall have come to the knowledge of his or her right of action," and within two years in any event.

The plaintiff's cause of action accrued not later than December 28, 1928, the date on which the seed were actually delivered. The plaintiff knew then, if not before, that

the shipments had been received and that no notice thereof had been given.

We had occasion to construe this limitation upon the time within which suit might be brought for noncompliance with the provisions of the act of 1907, *supra*, in the case of *St. L. I. M. & S. R. Co.* v. *Paul*, 118 Ark. 375, 176 S. W. 327. There a demand had been made in writing upon a carrier to furnish cars for the shipment of stave bolts, but the suit was not commenced until more than a year after the damage had occurred and the shipper's cause of action had accrued by reason of the carrier's failure to furnish cars as demanded. It was there said that, in the absence of legislation limiting the period within which such suit might be brought, the period of limitations thereon would be three years, but that the Legislature had by this act 193 passed a comprehensive act to regulate freight transportation by railroads in this State, and that the right of the State to enact appropriate legislation regulating the business of common carriers had been often recognized in the decisions of this and other courts, and was a right which had been freely exercised. We said of such legislation that some of it was declarative of the common-law duties of common carriers, while much of it imposed additional duties, "and, when the rights and duties of carriers are defined by statute, such statutes must govern, not only in ascertaining what the rights and duties of such carriers are, but also in their enforcement, when the legislation undertakes to provide remedies for their enforcement." It was there further said of this act 193: "After enacting various provisions in this behalf, § 21 of the act, among other things, provides a time within which suit must be brought" to recover damages for failure on the part of the carrier to comply with the act, and that it was there provided that no action shall be sustained unless brought within one year after the cause of action accrued, or within one year after the party complaining shall have come to the knowledge of his right of action, with a proviso that no action shall be brought after two years from the time the right of

action accrues. And it was further said that the two-year proviso had no application to the facts of that case, if the act applied at all. Nor does the two-year proviso apply to the instant case, if the act applies at all, because the plaintiff had come to the knowledge of his right of action when the shipment was delivered to him.

It was insisted in the Paul case, as it is here, that the plaintiff had a cause of action independent of the act 193, and that the limitation thereof as to the time when suit should be brought did not therefore apply. But we answered that contention by saying: "We think the act should be held applicable to suits growing out of a railroad's failure to furnish cars. The Legislature has by this act imposed several additional burdens on railroads, and, having done so, has seen fit to limit the time within which suits may be instituted to recover damages for failure to perform these duties. A study of the act gives no support to the position that the Legislature intended there should be a difference between the time within which suit should be instituted when the failure to furnish cars was such that a common-law action would lie therefor, and the case where the cause of action was a failure to comply with the statute requiring cars to be furnished shippers. There are cogent reasons why the Legislature should limit to the period of a year the time within which suits may be instituted for failure to furnish cars, and we think the act in question accomplished that result."

Here the plaintiff's cause of action is predicated upon the failure of the carrier to give notice of the arrival of the shipments, and this duty is of statutory creation, being imposed by the act 193. It is true that the instant suit was brought within a year after the dismissal of the first suit, but it is true also that, upon the expiration of the year, there was no suit pending, and the running of the statute was not arrested by the prior suit, which was not pending when the year expired.

The case of *Anthony* v. *St. Louis, I. M. & S. R. Co.,* 108 Ark. 219, 157 S. W. 394, is conclusive of this question. That was a suit by minors against a railroad for the

death of their father caused by the negligence of the railroad in the operation of one of its trains. The father of the plaintiffs was killed in 1909, and the suit was not begun until 1912. It was there said that the cause of action was conferred by § 6290 of Kirby's Digest, commonly known as Lord Campbell's Act, (§ 1075, Crawford & Moses' Digest) which contains the proviso that "every such action shall be commenced within two years after the death of such person."

It was there insisted, however, that the limitation did not apply because § 5075 of Kirby's Digest (§ 6961, Crawford & Moses' Digest) provides that persons under disability may bring suit in a cause of action within three years after their disability was removed, and the suit had been brought within that time. That contention was overruled, it being held that, inasmuch as the statute created no saving clause for the benefit of persons under disability, the infancy of the plaintiffs at the time the cause of action accrued did not postpone the running of the statute, and further that, "inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself."

This case was cited and applied in the case of *Western Coal & Min. Co.* v. *Hise*, 216 Fed. 338. There a suit was brought under § 6290 of Kirby's Digest on October 19, 1910, upon which a voluntary nonsuit was taken on June 19, 1912. On December 5, 1912, which was more than two years after the death of the intestate, a second suit was filed. The Federal District Court refused to sustain a demurrer to the complaint, which demurrer had raised the question that the suit had not been brought within the time limited by the act which created the cause of action. In reversing the judgment of the district court, which had refused to sustain the demurrer, the Court of Appeals for the Eighth Circuit, in an opinion by Judge Trieber, quoted from the prior decision of the Court of Appeals for the Eighth Circuit in the case of *Partee* v. *Railroad Co.*, 204 Fed. 970, 123 C. C. A. 292, as follows:

"The statute, which in itself creates a new liability, and creates an action to enforce it unknown to the common-law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action, within the time it fixes, is an indispensible condition to the liability and of the action which it permits."

It is insisted, however, that, although the cause of action as to the intrastate shipment from Tokio to Prescott may be barred by act 193, that act does not apply to the shipment from Georgia, which was an interstate shipment.

A similar contention was made in the case of *Louisiana & Western R. R. Co.* v. *Gardiner,* 273 U. S. 280, 47 S. Ct. 386, 71 Law Ed. 644. That was a suit for damages to an interstate shipment of goods which was brought in a district court in the State of Louisiana. The trial court held that the suit had not been brought within the time required by the laws of Louisiana. This judgment was reversed by the Court of Appeals of that State, which held that the State statute did not apply. Upon the remand, judgment was rendered on the second trial for the full amount claimed, which was reduced by the Court of Appeals to the extent of the carrier's claim for an undercharge and the war tax, and the Supreme Court of the State refused a writ of certiorari from which action an appeal was prosecuted to the Supreme Court of the United States.

In reversing that judgment, it was held by the Supreme Court of the United States (to quote the headnote in that case) that "Neither the provisions of the Cummins Amendment to the Act to Regulate Commerce, nor that of the Transportation Act, making it unlawful for a carrier to contract for less than the prescribed period for institution of suits, is a statute of limitations, and therefore, the statute of the State where a cause of action arises against the carrier may apply."

The reasoning of the court was that the State in which the suit was brought had the power to fix the lim-

itation of time within which action might be brought for damages growing out of an interstate shipment where there was no federal statute of limitations applicable. As was said by the court: "Although the rights of the parties depended upon instruments the meaning and effect of which must be determined according to rules approved by the federal courts, there was no federal statute of limitations and the local one applied."

Our attention has not been called to any federal statute of limitations applicable to this case in conflict with act 193, and the limitation upon the right to sue appearing in that act must be applied.

It is finally insisted for the affirmance of the judgment that the act 193 permitted the plaintiff to delay his suit, not only for one year after he had knowledge of his right of action, but also until he knew the extent of his damage, and that this damage could not be known until the consignee knew whether the seed would germinate, and, if not, what the damage would be on that account.

This argument, however, would lead to the conclusion that the damages were speculative and conjectural, and therefore not recoverable at all. The damages could be such only as in the contemplation of the parties would reasonably and probably result from the failure to give notice promptly of the arrival of the shipment of the seed. The plaintiff's cause of action accrued as of the time when it came to his knowledge that he had not been notified, as the statute required that he should be, of the arrival of his seed. The cause of action arose out of this failure, and the damages were assessable as of the time of this failure.

The law of this phase of the case is considered in a very extensive note to the case of *Aachen & Munich Fire Ins. Co.* v. *Morton,* 13 Ann. Cas. 692. The opinion in the case annotated was delivered by Judge Lurton (later justice of the Supreme Court of the United States) for the Circuit Court of Appeals for the Sixth Circuit, 156 Fed. 654. In this opinion he said: "If an act occur, whether it be a breach of contract or duty which one

owes another or the happening of a wrong, whether wilful or negligent, by which one sustains an injury, however slight, for which the law gives a remedy, that starts the statute. That nominal damages would be recoverable for the breach or for the wrong is enough. The fact that the actual or substantial damages were not discovered or did not occur until later is of no consequence. The act itself, which is the ground of the action, cannot be legally separated from its consequences. Were this so, successive actions might be brought in many cases of contract and tort as the damages developed, although all the consequential injuries had one common root in the single original breach or wrong.''

The annotator says in his note to this case (13 Ann. Cas. 696) that the occurrence of an act or omission, whether it is a breach of contract or of duty, whereby one sustains a direct injury, however slight, starts the statute of limitations running against the right to maintain an action, and among the large number of cases cited in support of this statement of the law are a number from this court.

Inasmuch as the plaintiff's cause of action accrued in December, 1928, and the suit from which this appeal comes was not filed until much more than one year thereafter, it was barred when brought. The judgment must therefore be reversed, and the cause will be dismissed. It is so ordered.