EXCELSIOR COAL COMPANY *v.* MIDLAND VALLEY RAILROAD COMPANY.

4-5899                                    139 S. W. 2d 25

Opinion delivered April 15, 1940.

*E. H. Bost* and *Holland & Holland,* for appellant.
*O. E. Swan* and *R. A. Young, Jr.,* for appellee.

HUMPHREYS, J.   This suit was brought on February 25, 1932, by appellant against appellee in the circuit court of Sebastian county, Greenwood district, to re-

cover damages for failure to furnish cars for intrastate shipments of coal in Arkansas during the period from March 1, 1929, to March 1, 1930, under the provisions of act 193 of the Acts of Arkansas of 1907 which is entitled "An Act to Regulate Freight Transportation by Railroad Companies Doing Business in the State of Arkansas."

The suit remained upon the docket without trial on account of proceedings pending before the Interstate Commerce Commission instituted by appellant to recover damages for failure to furnish cars for interstate shipments, and on September 15, 1938, appellee filed an answer to the complaint denying the material allegations thereof and alleging that the action was not brought within the time required by law and for that reason pleaded the statute of limitations as a complete defense to the suit. The court sustained the plea of the statute of limitations, and the complaint was dismissed, from which an appeal has been duly prosecuted to this court.

In the case of *St. L. I. M. & S. Ry. Co.* v. *Paul,* 118 Ark. 375, 176 S. W. 327, this court ruled that the state has the right to enact appropriate legislation regulating the business of common carriers and that the act itself limited the time within which suits might be instituted against common carriers for failure to furnish freight cars, to the period of one year.

Appellants admit the force of this decision, but contend that the statute was tolled during a proceeding it brought before the Interstate Commerce Commission to recover damages for failure to furnish cars for interstate shipments and that the Interstate Commerce Commission did not finally accord its damages or adjudge damages to it until the 30th day of September, 1931, at which time it was determined by the Interstate Commerce Commission that appellant was entitled to $2,000 as damages for appellee's refusal to furnish thirteen of the twenty-six cars found by the Commission to be moved in interstate commerce, but that it had no jurisdiction to award damages for the thirteen cars which were ordered and refused to move intrastate ship-

ments during the period, then it was that this suit for damages was brought for the refusal of appellee to furnish the thirteen cars for intrastate shipments on February 25, 1932, which was less than one year after the final determination of the controversy before the Interstate Commerce Commission.

Appellant's contention is that it had no right to proceed in the state court to recover damages for appellee's failure to furnish the cars to ship coal under act 193 of the Acts of 1907 until the Interstate Commerce Commission acted upon its claim. After a careful examination of the act we find that it contains no such provision. In the case of *St. L., I. M. & S. Ry. Co.* v. *Paul, supra,* this court said: "We think the act should be held applicable to suits growing out of a railroad's failure to furnish cars. The legislature has by this act imposed several additional burdens on railroads and, having done so, has seen fit to limit the time within which suits may be instituted to recover damages for failure to perform these duties. A study of the act gives no support to the position that the legislature intended there should be a difference between the time within which suit should be instituted when the failure to furnish cars was such that a common-law action would lie therefor and the case where the cause of action was a failure to comply with the statute requiring cars to be furnished shippers. There are cogent reasons why the legislature should limit to the period of a year the time within which suits may be instituted for failure to furnish cars, and we think the act in question accomplished that result.

In the case of *Midland Valley Rd. Co.* v. *Hoffman Coal Co.,* 91 Ark. 180, 120 S. W. 380, it was contended that the suit could not be maintained in the state court without first going to the Interstate Commerce Commission, but in answer to the contention this court said: "The case now under consideration involves the liability of the carrier to the shipper for an alleged breach of its common law or contractual duty for its failure to furnish cars and does not involve any infraction of the provisions of the Interstate Commerce Act; and we are of the

opinion that the suit was properly brought in the state court.''

In the instant case no rule of the Interstate Commerce Commission is involved, but is a suit to recover damages for the refusal to furnish cars for intrastate shipments and a suit for that purpose under act 193 of the Acts of 1907 must be brought within one year from the date of the refusal to do so. Not only was the suit brought nearly three years after the refusal of appellee to furnish the cars, but it was brought more than two years after the Interstate Commerce Commission decided that it was liable in refusing to furnish open top cars on its station track at Excelsior for coal loading as requested by appellant, and after it ruled that appellee arbitrarily refused to do so, and that the refusal to do so was unjust, unreasonable and unduly prejudicial. Even if it could be said that some administrative question was involved in appellant's suit before the Interstate Commerce Commission and that the cause of action accrued from and after that date, the Interstate Commerce Commission decided appellant's case on December 26, 1929, more than two years before this suit was filed. It was clearly barred by the one year statute of limitations contained in act 193 of the Acts of 1907 even though the statute did not begin to run until the decision of the Interstate Commerce Commission. We think, however, that the statute began to run and the right to sue for damages for failure to furnish the cars when demand was made by them during the period of time from March 1, 1929 to March 1, 1930.

No error appearing, the judgment is affirmed.