Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK TWONKO (now Deceased) for Compensation under the Workmen's Compensation Law, Respondent, *v.* ROME BRASS AND COPPER COMPANY, Employer, and AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 17, 1918.

Workmen's Compensation Law — disease resulting from sprained ankle — when award justified — failure to give notice of claim within ten days — neglect to file claim for compensation within one year — estoppel.

Where an employee sprained his ankle by catching his foot in a hole in the concrete floor of the plant of his employer and, although he worked for a few days thereafter, he was subsequently taken to a hospital where infection set in as the result of the accident and the ankle became stiff and useless, an award under the Workmen's Compensation Law was justified.

It is immaterial that said employee failed to give notice of the claim to his employer within ten days after disability, where it appears that on the day of the accident the claimant informed two of the defendant's foremen about the accident and it further appears that within two months of the accident the employer without qualification, in a communication to its insurance carrier, asserted entire knowledge as to the manner of its occurrence and the injury inflicted.

The purpose of the notice of claim is to give an employer an opportunity to make immediate investigation before witnesses have dispersed and while they may still remember the facts of the accident, and hence where the employer has knowledge of the facts a failure to serve a notice is not prejudicial.

Although the employee did not file a claim for compensation until after the expiration of one year after the accident, said failure does not bar a recovery where it appears that while in the hospital an agent of the employer induced the claimant to make a written statement concerning the accident and told him that the statement was a notice of claim for compensation, and especially so where the claimant was treated by the physicians at the hospital at the expense of the insurer. The facts aforesaid created an estoppel as against the employer and insurer.

Cochrane, J., dissented in part.

Appeal by the defendants, Rome Brass and Copper Company and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 22d day of August, 1917, and also from a decision entered in the office of said Commission on the 22d day of December, 1917, denying the application of the insurance carrier to reopen the case and set aside the award, and also from a decision entered in said office on the 5th day of February, 1918, denying a similar application subsequently made.

*Briggs & Evans* [*Arthur S. Evans* of counsel], for the employer, appellant.

*Jeremiah F. Connor*, for the insurance carrier, appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel to the Commission, for the respondent.

*Michael J. Larkin*, for the claimant, respondent.

H. T. Kellogg, J.:

The claimant caught his foot in a hole in a concrete floor while at work in the plant of his employer, and sprained his ankle. He continued to work throughout July 20, 1914, the day of the accident, and worked the following day. He then remained away from work until August 21, 1914, when he returned, worked for three days, and thereafter, leaving the employment, never worked again. He was confined to a hospital from September 23, 1914, to January 1, 1915. Infection had set in as a result of the accident, and the ankle bones had become diseased. When he left the hospital the ankle joint was stiff and useless. He failed to give a notice of

claim to his employer within ten days after disability, and neglected to file a claim for compensation within a year. Nevertheless the Commission found an award, and this appeal was taken.

The claimant informed his immediate foreman of the facts of the accident on the day that it occurred, and within two or three days thereafter exhibited his injured leg to an upper foreman or " bigger boss." About two months after the accident he told physicians at the hospital, where he was confined, how the accident occurred, and they reported to the employer and insurance carrier. Thereafter the services of these physicians were paid for by the insurance carrier. On September 26, 1914, or sixty-six days after the accident, the employer made written report of the accident to the carrier. This report contained the following statement: " Date of accident: Twentieth day of July, 1914. Did accident happen on the premises? Yes. At the plant? Yes. Away from the plant of employer? No. Was employee injured in course of employment? Yes." It also contained the following: " Describe in full how the accident occurred: Turned his ankle over. He worked balance of the day and the following day, then stayed out until Aug. 10th, when he came back and worked for three days only. Has been out ever since. State nature and extent of injury. Doctor reports that he cannot tell at this time as the ankle is so swollen."

The service of a notice of claim furnishes an employer with an opportunity to make immediate investigation before witnesses have dispersed, and while they may still remember the facts of an accident. If otherwise than through an investigation prompted by the service of a notice, the employer has knowledge of the facts, a failure to serve a notice is not prejudicial, no matter at how late a date the knowledge is acquired. In this case we find that within two months of the accident the employer, without qualification, asserted entire knowledge as to the manner of its occurrence and the injury inflicted. It was a just inference from this proof that the employer through the agency of the foreman or otherwise did actually acquire information concerning the accident which was fully as illuminating as any information he might have received had the notice been served. Moreover, the

employer in his statement made as upon knowledge, asserted facts in relation to the accident which exactly correspond to the facts as alleged in the statement of claimant. Since the employer did have perfect knowledge of the facts of the case, as clearly asserted by him, it is not material whether or not the acquisition of such knowledge had been rendered difficult by the lack of service of a written notice. Clearly, therefore, the employer was not prejudiced.

It is true that the claimant did not file his claim until more than one year after the accident. The evidence shows, however, that the claimant while in the hospital was approached on October 20, 1914, by an agent of the employer having in charge the report of accident cases to the Commission and the carrier, and was induced by him to make a written statement concerning the accident, which set forth sufficient facts to constitute a formal claim; that the claimant was told by this agent that the statement was a notice of claim for compensation, that through it he was to get money from the insurer, and that claimant believed such to be the fact. This proof, together with the proof as to the treatment of the claimant by the physicians in the hospital at the expense of the insurer, was sufficient to justify the Commission in its holding that the employer and insurer were estopped thereby from setting up the one-year limitation as a bar to the enforcement of the claim.

The award should be affirmed.

All concurred, except COCHRANE, J., dissenting on the first ground.

Award affirmed.