No. 11,157.

C. W. KETTERING MERCANTILE CO., ET AL. *v.* FOX, ET AL.

Decided March 2, 1925.    Rehearing denied April 6, 1925.

Proceeding under the workmen's compensation act. Judgment for claimant.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Notice—Waiver—Estoppel.*    Under section 15, c. 201, S. L. '23, an employe is barred from the right to compensation if he neglects to give notice of his claim within six months after the injury; but such notice may be waived, and facts may be present under which defendants would be estopped from setting up absence of notice as a defense.

2.  LIMITATION OF ACTIONS—*Estoppel.*    The doctrine of equitable estoppel may in a proper case be invoked to prevent a party from relying upon a statute of limitations.

3.  WORKMEN'S COMPENSATION—*Estoppel—Limitation.*    In a proceeding under the workmen's compensation act, record reviewed and under the facts disclosed, the defendants held estopped from invoking the limitation clause in the statute.

4.  APPEAL AND ERROR—*Industrial Commission—Findings.*    Fact findings by the industrial commission which are supported by competent evidence will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. F. W. VARNEY, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, Mr. WILLIAM T. WOLVINGTON, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a cause where the district court affirmed an award made by the industrial commission in a proceeding under the Workmen's Compensation Act in favor of an injured employe. The employer and the insurer have sued out this writ of error.

The commission found that the claimant, Willis H. Fox, was, on August 16, 1923, "employed by the Kettering Company," and that on that date "he was hit by an Oregon Short Line train." The record shows that the claimant was injured in an accident wherein a railroad train struck the automobile which he was driving, upon a crossing, near the town of Downey, Idaho. The commission also found that "the claimant has elected to pursue his right under compensation." This last finding was made in view of the circumstance that the claimant might have elected to pursue his remedy against the railroad company in an action for damages for personal injuries resulting from such company's alleged negligence. The claimant made his election, in writing, on February 26, 1924, which was six months and ten days following the date of the injury. This election constituted the only written notice claiming compensation which claimant ever filed with the industrial commission.

The principal contention of plaintiffs in error is that claimant was barred from any right to compensation because his written notice was filed more than six months following the date of the injury. In this connection they cite section 15, chapter 201, Session Laws of 1923 (page 744) which reads, in part, as follows: "The Commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided in this Act. The rights to compensation and benefits, as provided by this Act, shall be barred unless within six months

after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid."

The briefs are voluminous. There is a controversy as to whether the notice mentioned in the statute must be in writing. This question is raised because defendants in error claim that there was an oral notice given to the commission on February 11, 1924, which was before the expiration of the six months following the date of the injury. The facts concerning this alleged oral notice will be hereinafter referred to. There was neither a written nor an oral notice on the date above named, so the question above mentioned is immaterial.

The claimant was barred from any right to compensation, not having filed any notice claiming compensation within six months after the injury, unless the question of waiver or estoppel comes in, and leads to the contrary result.

No case is cited on either side which gives a satisfactory discussion of the question whether the employer and insurer may waive the limitation contained in a statute such as that now involved, or whether they may become estopped to rely upon it. In our opinion, both these questions may be answered in the affirmative. The cases seem to assume that. Thus in *Stein v. Packard Motor Car Co.*, 210 Mich. 374, 178 N. W. 61, the court entertained the question whether certain conduct on the part of the employer worked an estoppel. The same situation existed in *Georgia Casualty Co. v. Ward* (Tex. Civ. App.), 220 S. W. 380. In *Twonko v. Rome Brass & Copper Co.*, 183 App. Div. 292, 170 N. Y. S. 682, the employer and insurer was held estopped from setting up the limitation as a bar to compensation. The doctrine of equitable estoppel may in a proper case be invoked to prevent a party from relying upon a statute of limitations. 25 Cyc. 1016.

We now come to the question whether the record shows such a state of facts that the plaintiffs in error, the em-

ployer and the insurer, are estopped to assert that the claimant's right to compensation is barred because his notice claiming compensation was filed after six months from the date of the injury.

Before the expiration of six months following the injury, and on February 11, 1924, without any notice claiming compensation having been filed, the employer and the insurer notified the industrial commission that they would contest liability in this case on certain named grounds, not involving any notice or lack of notice of claim of compensation. On the same day the commission, by the referee, held a hearing in this matter. This hearing appears to have been brought about by the insurer who induced the claimant to come before the commission on that date. He came in person, without an attorney. The insurer and the employer say this hearing was held at that time for the purpose of advising the injured employe, claimant here, that he must elect whether he would make claim for compensation under the act or institute an action against the railroad company for damages for personal injuries. The commission's record recites that this hearing of February 11, 1924 was held "pursuant to agreement between the parties."

At this hearing the referee of the commission took evidence concerning the accident, the resulting injury, the employment, and the earnings. The referee sought to ascertain from Fox, now the claimant, whether he was going to sue the railroad company. Fox did not know, because he was not advised what his attorneys intended to do. He didn't know whether they thought he had a case.

The referee then ruled or ordered that the "case will be continued until such time as the claimant notifies the referee as to whether or not he intends to bring suit against the Oregon Short Line Railroad." There was no objection to this order on the part of the plaintiffs in error. They acquiesced in the continuance which was, in effect, to a time over six months following the date of the injury. They merely suggested that Fox notify the referee in

writing, and the referee then included this in the order. At this time the plaintiffs in error were already familiar with the facts. They were prepared to contest the claim, if one was made, on several grounds, not involving any notice or lack of notice of a claim for compensation. They were waiting to see what Fox would do under the order concerning election. Fifteen days later, Fox filed his election in writing, notifying the commission and the referee that he had elected to claim compensation from the insurance carrier under the Workmen's Compensation Act. Several days later, and on March 8, 1924, the plaintiffs in error, for the first time, notified the commission that they would contest liability on the additional ground that "claimant did not file his claim within six months after the date of his alleged accident."

We think that under the foregoing facts the plaintiffs in error are equitably estopped from invoking the limitation clause in the statute. What occurred at the hearing of February 11, 1924, and what was done by plaintiffs in error at and prior to that time, was such as to lead any one in Fox's position to believe that all he needed to do, to preserve his rights, was to make his election in writing, and this he did, and he in no way caused plaintiffs in error to change their position. It follows, from the foregoing views, that the commission did not err, or act in excess of its jurisdiction, in making the award, so far as any question concerning notice is involved.

The remaining question necessary for our determination is whether there is any evidence to sustain the commission's finding that Fox was an employe of the Kettering Company at the time of the accident. It would serve no useful purpose to review the evidence in this opinion. There is competent evidence supporting the finding. Under previous decisions of this court we must hold the finding conclusive.

The judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.