## No. 12,489.

GREELEY GAS AND FUEL COMPANY ET AL. *v.* THOMAS ET AL.
(288 Pac. 1051)

Decided June 16, 1930.

Mr. FRED W. VARNEY, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. TRACY C. CAMERON, for defendants in error.

Messrs. FARRAR & MARTIN, Mr. WENDELL STEPHENS, Messrs. YEAMAN, GOVE & HUFFMAN, Mr. W. A. ALEXANDER, Messrs. LEE, SHAW & McCREERY, Mr. WILLIAM E. HUTTON, Mr. L. WARD BANNISTER, Messrs. WEBSTER, WEST & DRATH, amici curiae.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE above named parties are hereinafter referred to as follows: The Greeley Gas & Fuel Company as defendant, The Ocean Accident and Guarantee Corporation, Ltd., as the insurance company, Charles H. Thomas as plaintiff, and the Industrial Commission of Colorado as the commission.

On September 17, 1919, plaintiff was employed by defendant. Both were within our Workmen's Compensation Act. The latter carried its liabilities thereunder with the insurance company. On that day plaintiff received an injury resulting in the amputation of his left leg. Alleging that said injury was one arising out of and in the course of his employment, he filed claim therefor with the commission on March 21, 1927. After hearings and rehearings, awards and supplemental awards, action in, and judgment of the district court, remand to the commission and recertification to the court, final judgment affirming a final award for plaintiff was entered October 23, 1929. To review that judgment this writ is prosecuted.

It is undisputed that this judgment would be binding but for the long delay. The question before us is, Was plaintiff's action barred, either by the statute or laches? Defendant says both; plaintiff says by neither, but if otherwise, that both defendant and the insurance company have waived, and are estopped from setting up, such defenses.

The statute of limitations in the act in question is section 4458, C. L. 1921. It provides that unless notice be served within one year from the date of the accident ''the right of compensation shall be wholly barred.'' No such notice was here served. But since estoppel is relied upon, and may, in a proper case, be invoked (*Kettering*

*Co. v. Fox,* 77 Colo. 90, 92, 234 Pac. 464), we must note the facts, if any, which support it.

██ Plaintiff's injury was caused by the negligence of a third person, one Lohrey. At the suggestion of defendant, and with the acquiescence and encouragement of the insurance company, he promptly sued Lohrey and obtained a judgment for $10,000. Such cases are specifically covered by the provisions of section 4461, C. L. 1921, which requires equitable subrogation for payments made under the commission's award. Lohrey was of doubtful solvency, but promising, and the long delay was with the hope and expectation of eventually realizing on the judgment against him. Since such realization would release both defendant and the insurance company their encouragement of these efforts was prompted by self interest. Eventually, however, Lohrey's property was sold to satisfy prior liens, Lohrey died, and this action was begun. The final award provided for an assignment of the Lohrey judgment to the extent of payments on the compensation granted under the act. The plea of estoppel is thus supported by the record.

The foregoing applies equally to the defense of laches. Moreover, the necessary element of resulting damage is absent. Not only is there an absence of evidence of damage, either to defendant or the insurance company, but it appears that the delay presumably was, and might have been, greatly to their advantage.

There is, of course, room in the evidence for contrary contentions on the facts; but the commission is the finder of facts and we agree with the trial court that its findings are amply supported.

The judgment is affirmed.