## No. 13,276.

INDUSTRIAL COMMISSION ET AL. *v.* CO-OPERATIVE OIL
COMPANY.

(24 P. [2d] 753)

Decided August 7, 1933.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S.
GINSBERG, Assistant, Messrs. ENOS, HEALY & CHISHOLM,
Mr. CHRISTOPHER G. GARBARINO, for plaintiffs in error.

Mr. T. E. MUNSON, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case is brought here on error to review a judgment of the district court reversing an award made by the Industrial Commission of Colorado.

There is here involved a claim for compensation under the Workmen's Compensation Act of Colorado by Frank X. Meile, an injured employee of the Co-operative Oil Company, a corporation which did not carry insurance under the act. After the evidence had been taken, the referee made an order denying the claim on the ground that the company employed less than four employees and was therefore not subject to the act. This order was affirmed by the commission. On claimant's petition for review, the commission ordered a further hearing, and additional evidence was taken. The commission, having reviewed the entire record, which contained all the evidence, entered a supplemental award, which allowed compensation and—because of the company's failure to comply with the act—imposed the penalties prescribed by S. L. '31, chapter 176, §1, page 820, amending §27 of the act (being C. L. '21, §4401, as amended by S. L. '23, chapter 201, §7, page 736). The company's petition for review was denied. An action was commenced in the district court to set aside the award. The district court sustained the commission on all points except one, namely, as to whether the company did or did not employ as many as four employees. The commission had decided that it did, but the court held the contrary and set aside the award. The claimant asks us to reverse that judgment.

First we shall refer to two cross-errors assigned by the defendant in error company. It is said that the lower court erroneously held that the claim was not barred under C. L. '21, §4458, as amended by S. L. '23, chapter 201, §15, page 745, requiring a notice of claim to be filed with the commission within six months after the injury. Here such notice was filed three days late. However, there was evidence from which the com-

mission could infer that this case comes within the provision of the section just cited, namely, that the limitation shall not apply when compensation has been paid to the claimant. Moreover, this objection was not made until the company filed its petition for review after the case had been once decided in favor of the company, a further hearing ordered, additional evidence taken, and an award made in favor of the claimant. By such delay the defense of the statutory limitation was waived. For these two reasons the cross-error as to the six-month limitation is without merit. The other cross-error charges the court with erroneously finding that two specified persons were employees of the company. This will now be considered in connection with the main issue presented by the plaintiffs in error.

We have examined with care the entire record, including the evidence, and find a substantial conflict in the testimony touching the number of employees working for the company at the time of the accident. Under the familiar rule that the courts cannot interfere with the conclusion reached by the commission upon conflicting evidence before it, the judgment must be reversed and the case remanded to the district court with directions to vacate the judgment below and to affirm the commission's award; the plaintiff in error Meile to recover his costs herein. It follows that the second cross-error above referred to must also be ruled upon adversely to the company.

Judgment reversed with directions.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.