No. 13,541.

STATE COMPENSATION INSURANCE FUND ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(35 P. [2d]. 849)

Decided July 16, 1934.

Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE present case, which comes here under the Workmen's Compensation Act, raises the sole question whether the claimant was an employee of the State Brokerage and Manufacturing Company at the time of the accident whereby he sustained his injury. The Industrial Commission held that he was. So did the district court, whose judgment affirming the award of the commission is before us for summary review.

The company is in the business of selling ice. It operated in Pueblo under the name of the Arctic Ice Company. For the evident purpose of creating a market for the ice, the company arranged to have a number of persons engaged in the sale and distribution of ice which was to be procured from the company's plant. The resulting transactions between company and distributor would probably have been considered out-and-out sales, wholly different from acts in the course of an employment and involving rather the status of an independent contractor, were it not for the fact that there is evidence which tends to show the distributors to have been the company's employees. In each of six locations a so-called "station" was established as an ice depot on a plot of ground leased by the company, which furnished materials

for the erection of a small building thereon, and caused a sign to be put up bearing its trade name, ''Arctic Ice Company.'' The company supplied similar signs for the trucks used by the distributors. It is true that there was no evidence of any fixed wages as such. The compensation of the distributors, including the claimant, consisted of the difference between a price—acceptable to the company—at which the ice was sold and a price agreed to be paid to the company by the distributor at the end of each day. The evidence was somewhat vague as to any contract of employment. There was evidence, however, reasonably tending to show that the company had the right of discharge and possessed such control over the distributors' work and movements as is more consistent with the notion of employment than with that of some other relation. The commission, we think, did not abuse its discretion in holding, on what we consider conflicting evidence, that the claimant as such a distributor was an employee. The issue was one of fact, and was sufficiently supported by evidence. Compare: *New Jersey Co. v. Patterson,* 86 Colo. 580, 284 Pac. 334; *Industrial Com. v. Oil Co.,* 93 Colo. 192, 24 P. (2d) 753. The judgment of the district court and the award of the commission must be affirmed.

Judgment affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.