## WILSON v. MISSOURI PAC. R. CO.

### No. LR-912.

District Court, E. D. Arkansas, W. D.

Feb. 14, 1945.

J. Fred Jones, of Little Rock, Ark., for plaintiff.

Henry Donham and Leffel Gentry, both of Little Rock, Ark., for defendant.

LEMLEY, District Judge.

This is an action brought by W. A. Wilson, as administrator ·of the estate of Charley Bun Wilson, deceased, against the Missouri Pacific Railroad Company, a bankrupt, Guy A. Thompson, trustee. The suit was filed on July 15, 1944, in the Circuit Court of Pulaski County, Arkansas, and was removed to this court. It is alleged in the complaint that plaintiff's intestate was killed on May 10, 1942, as a result of a collision between an automobile owned and driven by him and one of defendant's trains. The plaintiff alleges negligence on the part of the defendant and sets up three alleged causes of action, with only one of which, however, we are here concerned, namely, a claim under the Arkansas statute authorizing recovery for the benefit of the next of kin for death caused by the wrongful act of another, Secs. 1277, 1278 of Pope's Digest of the Statutes of Arkansas 1937.

The complaint shows on its face that suit was filed more than two years after the death of Charley Bun Wilson, but contains allegations to the effect that failure to bring the action within the two years prescribed by the statute resulted from fraudulent representations made to the plaintiff by an agent of the defendant to the effect that the defendant might settle the claim and that the plaintiff had three years within which to bring the suit.

To that part of the complaint wherein an attempt is made to assert a claim for the benefit of the next· of kin under the statute above referred to, the defendant has directed a motion to dismiss for failure to state a claim upon which relief can be granted, in that the complaint shows on its face that the suit was not commenced within two years after the cause of action arose.

The Arkansas statute upon which the suit is based reads in part as follows:

"Sec. 1277. Wrongful act causing death. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony. Act March 6, 1883, § 1, p. 76.

"Sec. 1278. * * * Provided, every such action shall be commenced within two years after the death of such person."

The defendant contends that under this statute the filing of the suit within the time prescribed thereby is a condition precedent to maintaining the action at all, and that failure to bring the suit within the two years prescribed cannot be waived by the defendant, nor will false representations on its part estop it from raising such question. With this contention the plaintiff takes issue.

In our opinion, the position taken by the defendant must be sustained.

This exact question has not been passed upon by the Supreme Court of Arkansas. However, the statute involved has been construed by that court, and at least one decision has been handed down by it which has a very direct bearing on this case, namely, Anthony v. St. Louis, I. M. & S. Ry. Co., 108 Ark. 219, 157 S.W. 394. In that case Mrs. Irma Anthony, in her own name and as next friend of her two brothers, Victor Peterson and Roscoe Peterson, minors, instituted the action on June 3, 1912, against the railway company to recover damages for injuries received by their father which resulted in his death. They alleged that the plaintiff, Mrs. Anthony, was only 21 years of age and that Victor Peterson and Roscoe Peterson were minors; that their said father, in September, 1909, while in the employ of the railway company, was run over and killed, and that his death was caused by the negligence of the defendant in the operation of its train. The defendant demurred to the complaint on the ground that the suit was not instituted within the two years required by the statute above referred to, and the court sustained the demurrer. It was the contention of the plaintiff that another statute, Sec. 5075 of Kirby's Digest (now Sec. 8939 of Pope's Digest of

the Statutes of Arkansas, 1937), providing that persons under disability might bring suit on a cause of action within three years after the disability was removed, was applicable, and that she could maintain the action irrespective of the provision in the statute authorizing recovery for wrongful death, to the effect that any action thereon must be brought within two years. The court held that the three year statute did not repeal the death act, and that since the two statutes related to different subjects there was no necessary repugnance between their provisions, and, inasmuch as the death act created no savings clause for the benefit of persons under disability, the infancy of the plaintiffs at the time of the accrual of the cause of action did not postpone the running of the statute, and that since the complaint showed on its face that the action was not brought within the two years prescribed by the death act, the defendant could avail itself of the objection by demurrer. In the course of its opinion the Court discussed the act at length, and said:

"In the case of Earnest v. St. Louis, Memphis & Southeastern Railway Co., 87 Ark. 65, 112 S.W. 141, we held that by the common law the death of a human being could not be made the subject of a civil action, and that where a statutory right of action is given which did not exist at common law and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action, and will control. Mr. Tiffany says that, inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. Tiffany on Death by Wrongful Act (2d Ed.), § 121.

"Section 6290 of Kirby's Digest [now Secs. 1277, 1278 of Pope's Digest of the Statutes of Arkansas .1937] commonly known as Lord Campbell's Act, upon which the claim of the plaintiffs is based, contains the proviso, 'that every such action shall be commenced within two years after the death of such person.' Inasmuch as the statute creates no saving clause for the benefit of persons under disability, the infancy of the plaintiffs at the time the cause of action accrued does not postpone the running of the statute. 13 Cyc. 340; Tiffany on Death by Wrongful Act (2d Ed.), §§ 121, 122. It follows that the

bringing of the suit within two years from the death of the person whose death has been caused by the wrongful act is made an essential element of the right to sue. As said in the case of The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358: 'The time within which a suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition to sue at all.' * * *

"The complaint shows on its face that the action was not brought within the two years required by the statute, and in the case of Earnest v. St. Louis, Memphis & Southeastern Ry. Co. [87 Ark. 65, 112 S.W. 141], we held that the defendant may avail himself of the objection by demurrer. The reason for this is well stated in Hanna v. Jeffersonville Railroad Co., 32 Ind. 113. The court said:

"'It only remains to ascertain whether the point can be raised in this case by demurrer to the complaint. Ordinarily, statutes of limitations must be pleaded, though the facts appear by the averments of the complaint. The reason for this is that usually there are exceptions to statutes of limitations, and the plaintiff should, therefore, have the opportunity of replying to the plea, so that he may show that the case is within any of the exceptions. To compel him to make these averments in the complaint would tend to inconvenient and needless prolixity. But in the case before us there are no exceptions, and, consequently, there is no reason why the defendant should plead the fact. There could be no reply avoiding the plea.'"

In Earnest v. St. Louis, Memphis & Southeastern Ry. Co., 87 Ark. 65, 112 S.W. 141, 143, cited in the Anthony case, the Supreme Court of Arkansas had under consideration a Missouri statute creating a cause of action for wrongful death and providing that "every action instituted by virtue of the preceding sections of this chapter shall be commenced within one year after the cause of such action shall accrue." Rev.St.Mo.1899, § 2868, Mo. R.S.A. § 3656. The court in the course of its opinion used the following language:

"The Supreme and appellate courts of Missouri hold that the provisions of the Missouri statute above quoted as to the parties who may sue, and the time within which they may sue, are conditions attached to the right itself given by the statute, and not limitations merely. Barker v.

[Hannibal & St. Joseph] R. Co., 91 Mo. 86, 14 S.W. 280; Case v. Cordell [Zinc & Lead Min. Co.], 103 Mo.App. 477, 78 S.W. 62; Packard v. [Hannibal & St. Joseph] R. Co., 181 Mo. 421, 80 S.W. 951, 103 Am. St.Rep. 607.

"The general rule is that where a cause of action does not exist at common law, but is created by the statutes of a state, it only exists in the manner and form and for the length of time prescribed by the statutes of the state which created it. Finnell v. Southern Kan. Ry. Co., C.C., 33 F. 427.

"The rule has been announced and approved in the following cases: Munos v. [Southern Pac.] Railroad, 5 Cir., 51 F. 188; Theroux v. Northern Pac. Ry. Co., 8 Cir., 64 F. 84; [Pittsburg, etc.], Railway Co. v. Hine, 25 Ohio St. 629; Eastwood v. Kennedy, 44 Md. 563; Negaubauer v. [Gt. Northern] Ry. Co., 92 Minn. 184, 99 N.W. 620, 104 Am.St.Rep. 674 [2 Ann.Cas. 150]; Dennis v. Atlantic Coast Line R. R., 70 S.C. 254, 49 S.E. 869, 106 Am.St.Rep. 746; Stern v. La Compagnie Generale Transatlantique, D.C., 110 F. 996; Boston & Maine R. v. Hurd, 1 Cir., 108 F. 116, 56 L.R.A. 193.

"In the case of The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, in discussing a like statute, the court said: 'The time within which the suit must be brought operates as a limitation of the liability itself, as created, and not of the remedy alone. It is a condition to sue at all.' * * *

"Therefore we conclude that it is now well settled that where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action and will control, no matter in what forum the action is brought."

It will have been noted that the Arkansas Supreme Court, in discussing both the Arkansas and Missouri death statutes, has said, quoting from The Harrisburg, supra, that the time within which suit must be brought operates as a limitation of the liability itself and not of the remedy alone and that it is a condition to sue at all; and, while fraud was not involved in either of said cases, we believe that that language used by the court is controlling here irrespective of the fact that fraud is involved. Moreover the weight of outside authority, construing statutes of a similar nature to that of the Arkansas act, is, in our opinion, to that effect:

See 37 C.J., Limitations of Actions, Sec. 5, which reads:

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. * * * They are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation may be avoided, nor, it seems, can they be evaded even by proof of fraud."

The Supreme Court of Arkansas in Davis v. Chrisp, 59 Ark. 335, 252 S.W. 606, 607, had under consideration Sec. 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., which at that time provided that no action might be maintained thereunder unless commenced within two years from the day the cause of action accrued, and in discussing that limitation said:

"The Federal Employers' Liability Act (§ 6) provides that no action may be maintained under the statute unless commenced within two years from the day the cause of action accrued. U.S. Comp.St. § 8662 [45 U.S.C.A. § 56]. The rule seems to be established by all of the authorities on the subject that, where a statute creates a right of action unknown at common law and also specifies the time within which the action may be commenced, it operates as a condition of liability thus created and not merely as a period of limitation. Anthony v. Railway Co., 108 Ark. 219, 157 S.W. 394; Partee v. Railroad Co., 8 Cir., 204 F. 970, 51 L.R.A.,N.S., 721; Rodman v. Railway Co., 65 Kan. 645, 70 P. 642, 59 L.R.A. 704; Kerley v. Holhman [74 Okl. 299], 183 P. 980, 8 A.L.R. 141.

No question of fraud was involved in Davis v. Chrisp, supra. However, fraud was involved in Bement v. Grand Rapids & I. Ry. Co., 194 Mich. 64, 160 N.W. 424, L.R.A.1917E, 322, and in Gauthier v. Atchison, T. & S. F. Ry. Co., 176 Wis. 245, 186 N.W. 619, wherein the Michigan and Wisconsin courts had under consideration Sec. 6 of the Federal Employers' Lia-

bility Act providing that "no action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued."

In the Bement case the suit was not commenced within the two years prescribed for the reason as alleged by the plaintiff that he had relied upon certain fraudulent representations made to him by the defendant, and he contended that because of such representations the defendant was estopped from setting up the limitation as a bar. The defendant contended that the rules applicable to ordinary statutes of limitations do not apply to a statute creating a right of action and a new liability and fixing therein the time within which the action should be commenced. The court held that the limitation was on the right and not on the remedy, and that the suit could not be maintained even though the plaintiff relied on the fraudulent representations of the defendant, since it was not brought within the two years prescribed by the statute.

In the Guthrie case it was held that the right to maintain an action under the Federal Employers' Liability Act is conditioned upon bringing the suit within the two years as required by Sec. 6, such limitation being of the right and not merely of the remedy, and that verbal promises and acts by the defendant which might ordinarily constitute an estoppel would not bar the defendant from pleading the limitation.

In Bell v. Wabash Ry. Co., 8 Cir., 58 F.2d 569, 571, the Circuit Court of Appeals of this circuit, which at the time had under consideration Sec. 6 of the Federal Employers' Liability Act, said:

"The limitation of said section as to time in which the action may be maintained clearly conditions liability, and enters into the right created as a substantial part thereof. It is not a mere statute of limitations pertaining to the remedy. If the action is not brought within the time provided, the right to proceed under the act is ended. In Judge Sanborn's opinion in Eberhart et al. v. United States, for Use of First Nat. Bank of Belle Fourche, S.D. 8 Cir., 204 F. 884, 890, 891, he says: 'An act of Congress, which at the same time and in itself authorizes or creates a new liability and prescribes the limitations thereof and of its enforcement, makes those limitations conditions of the liability itself. Such an act is not a statute of limitations, and a compliance with the conditions which it prescribes is indispensable to the enforcement of the liability it authorizes or creates * * * because such limitations are conditions of the liability itself and not limitations of the remedy only.' * * *

"In American R. Co. of Porto Rico v. Coronas, 230 F. 545, 546, L.R.A.1916E, 1095, the Circuit Court of Appeals of the First Circuit, referring to the provision of the Federal Employers' Liability Act, says: 'The right granted exists only by virtue of the statute, and its scope and effect must be determined therefrom. The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit within two years from the day the cause of action accrued. The bringing of the action, therefore, within the specified time, is a condition to the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right.' * * *

"Similar limitations in federal statutes (other than the Federal Employers' Liability Act) creating rights have been the subject of discussion in the courts. In A. J. Phillips Co. v. Grand Trunk Western Railway Co., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774, the court considers the phase of the Hepburn Amendment to the Interstate Commerce Act [49 U.S.C.A. § 16], which provides that 'all complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after,' and the court says (page 667 of 236 U.S., 35 S.Ct. 444, 446): 'Under such a statute the lapse of time not only bars the remedy, but destroys the liability.'"

Referring further to the limitation of two years in said Act, the court in the Bell case said:

"There could be no waiver of this provision as there might be of the statute of limitations. The time would not be extended by fraud practiced of concealment such as might effect an extension of an ordinary statute of limitations under certain circumstances."

See also Rademaker v. E. D. Flynn Export Co., Inc., 5 Cir., 17 F.2d 15, wherein

it was held that Sec. 6 of the Federal Employers' Liability Act is a limitation on the right of action and not on the remedy only, as affects waiver by a defendant.

In Pollen et al. v. Ford Instrument Co., Inc., 2 Cir., 108 F.2d 762, 763, the court in discussing the provision in patent law prohibiting recovery for infringements committed more than six years before the suit was filed, held that concealment and fraud did not work an extension of limitation, and said:

"It (the limitation) is a part of the statute which creates the liability and gives the right of action. It is a condition on the right, not on the remedy, and it is not subject to the disabilities or excuses by which ordinary statutes of limitation may be avoided by a plaintiff. Peters v. Hanger, 4 Cir., 134 F. 586. Where the time for commencing action is prescribed in the statute which creates the liability and gives the right of action, the time is not extended by reason of fraud or concealment which might work an extension of ordinary statutes of limitation." Citing cases.

The plaintiff, in contending that the defendant is estopped in the instant case, cites and relies upon a number of decisions construing state compensation acts, namely: Red River Lumber Co. v. Pillsbury et al., 174 Cal. 37, 161 P. 982; Lindblom v. Employers' Liability Assur. Corporation, Limited, et al., 88 Mont. 488, 295 P. 1007; C. W. Kettering Mercantile Co., et al. v. Fox et al., 77 Colo. 90, 234 P. 464; Greeley Gas & Fuel Co. et al. v. Thomas et al., 87 Colo. 486, 288 P. 1051; and American Mut. Liability Ins. Co., et al. v. Hamilton, 145 Va. 391, 135 S.E. 21.

With the possible exception of the Hamilton case, we do not think great weight can be attached to any of these decisions as authority in the case at bar.

In the Pillsbury case, the Supreme Court of California had under consideration the state Workmen's Compensation Act, providing as follows: "Unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection, the right to institute such proceedings shall be wholly barred." St.Cal. 1913, p. 287, § 16. The time for institution of proceedings to collect disability indemnity was limited to "six months from the date of the accident." A section of the statute provided for filing answers, and the court held that failure to plead the limitation amounted to a waiver thereof. In arguing to the court that it was not necessary to plead the limitation, the defendant cited the court to Pittsburg, etc., v. Hine, 25 Ohio St. 629, wherein the Ohio court had before it a statute authorizing recovery for wrongful death somewhat similar to the Arkansas statute, and had held that the statute in question was one of creation fixing a limitation within which suit brought thereunder must be begun, and that it was necessary for the plaintiff to allege and prove that the action was actually commenced within the time prescribed. The California court distinguished the Ohio act from the California act under consideration by it, and said [174 Cal. 37, 161 P. 983]:

"The Workmen's Compensation Act is so widely different in its terms from the Ohio Act that the case is of no force as authority. The language of our statute is that the right to institute the proceeding is 'wholly barred' by the lapse of time. This does not mean that the provision relates back and avoids the claim from the beginning, or forfeits the right. The use of the word 'barred' in itself implies that the lapse of time constituting the bar must be raised in some manner as a defense. If the bar is not raised, it will be of no avail."

The Lindblom case involved an appeal from a judgment of the district court vacating an award of compensation made by the Industrial Accident Board of Montana. The act provided "in case of personal injury or death, all claims shall be forever barred unless presented in writing * * * within six months from the date of the happening of the accident." Rev. Codes Mont.1921, § 2899. The claim was not filed within the six months' period, but the plaintiff contended that the defendant on account of false representations was estopped to plead the limitation. The court so held, and, without discussing the nature of the statute, apparently treated it as a pure statute of limitation.

The similarity between the language in the California compensation act involved in the Pillsbury case and the language of the act in the Lindblom case, with respect to the use of the word "barred," will be noted.

In the Fox case the question before the Supreme Court of Colorado was whether, under the Workmen's Compensation Act of that state, plaintiff could plead estoppel as against a plea of the six months' limitation provided for in the act. The act recited that "the right to compensation and benefits, as provided by this Act, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the Commission." Laws Colo.1923, p. 744, § 15. The court evidently did not consider the act as one of the nature under consideration in the case at bar, since it said: "No case is cited on either side which gives a satisfactory discussion of the question whether the employer and insurer may waive the limitation contained in a statute such as that now involved, or whether they may become estopped to rely upon it." The statute was apparently treated by the court as one of pure limitation. One of the syllabi is as follows: "Doctrine of equitable estoppel may, in a proper case, be invoked to prevent party from relying on a statute of limitations."

In the Thomas case, another Colorado decision, the question was whether estoppel could be invoked to prevent reliance on the limitation in the state compensation act. The statute provided that unless notice be served within one year from the date of the accident, "the right to compensation therefor shall be wholly barred." C.L. Colo.1921, § 4458. The notice was not served within the time prescribed, and the court held that estoppel could be invoked, citing the Fox case, without discussing the nature of the statute.

In the Hamilton case, the Virginia Workmen's Compensation Act was before the court, and it was held that where the insurance carrier paid doctor and hospital bills of an insured employee, and the employer made representations to the employee which justified him in believing that his claim had been filed, that their conduct estopped them from contending that the claim for compensation was not filed within the limitation of one year prescribed by the act. Sec. 25 of the act declared "the right to compensation under this act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident," etc. Acts Va.

1918, c. 400. The direct question involved in the instant case was raised, and the defendant insurance company cited a previous Virginia decision (Town of Leesburg v. Loudoun National Bank, 141 Va. 244, 126 S.E. 196) holding that a statutory requirement that an application for redress from an erroneous assessment must be made to the court within two years from the first day of September in the year in which the assessment was made, was jurisdictional and affected the right as well as the remedy, making special pleading thereof unnecessary; and the court distinguished that case from the one under its consideration by stating that the case cited did not deal with the question of fraud and estoppel. However, it seems to us that the court could, as was done in Red River Lumber Co. v. Pillsbury et al., supra, very readily have based its holding on the language of the compensation act providing that the right to compensation should be "forever barred" by the lapse of time. The exact language of the statute involved in Town of Leesburg v. Loudoun National Bank, supra, is not quoted by the court in its opinion, but it is evident from the opinion that the language of the two statutes differed radically. The use of the words "forever barred" in the compensation act is significant. As stated by the California court in the Pillsbury case, such language does not mean that the provision relates back and avoids the claim from the beginning, or forfeits the right.

In the Pillsbury case the pertinent language was "wholly barred," in the Lindblom case, "forever barred," in the Fox case, "barred," in the Thomas case, "wholly barred," and in the Hamilton case, "forever barred." The appropriate language of the Arkansas statute under consideration is "provided, every such action shall be commenced within two years after the death of such person," and of the analogous Federal Employers' Liability Act, it is "no action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." The difference in the terms of the Workmen's Compensation Acts involved in the cases cited by counsel for plaintiff from those in the Arkansas death statute and the Federal Employers' Liability Act, is so wide that we do not feel that the cases relied upon by the plaintiff can be con-

sidered as substantial authority for his position in the case at bar.

The plaintiff also calls attention to certain language of the Supreme Court of Arkansas in Smith v. Missouri Pacific Railroad Company, 175 Ark. 626, 629, 1 S.W.2d 48, 49, wherein the court held a complaint in an action for wrongful death demurrable because it showed that the suit was not brought within two years. The court in the Smith case cited Anthony v. St. Louis, I. M. & S. Ry. Co., supra, and reaffirmed what was said in that case to the effect that the bringing of the suit within two years is an essential element of the right to sue. In holding that the complaint showed on its face that the cause of action was barred, the court said that this question was rightfully raised by demurrer since "where the complaint shows on its face that it is barred by the statute of limitations, and no ground of avoidance is shown, the question may be raised by demurrer," which language was followed by the words "no ground of avoidance is shown in the complaint"; and it is argued that inferentially the court held that the time limit of the statute can be avoided, and that if it can be avoided, certainly fraud will avoid the same. We do not think that the court intended any such interpretation to be placed upon its words. In the Anthony case, which the court cited with approval in the Smith case, the court, quoting from Hanna v. Jeffersonville R. R. Co., supra, said [108 Ark. 219, 157 S.W. 395]: "But in the case before us there are no exceptions, and, consequently, there is no reason why the defendant should plead the fact. There could be no reply avoiding the plea."

Our conclusion is that the motion to dismiss must be sustained. It seems unfortunate that the limitation provision of the Arkansas statute does not contain a savings clause protecting persons under disability, such as were involved in the Anthony case, and an exception which would cover the situation which has arisen in the case at bar. The remedy, however, lies with the legislature and not with the courts.

Counsel for plaintiff has indicated in his brief that he does not care to amend and intends to stand upon his complaint. He is given twenty days from this date within which to amend, however, should he see fit to do so.