567 P.2d 394 (1977)
Thirza E. KERSTING, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado and John I. Lay, Director of the Division of Labor, State Compensation Insurance Fund, and D. C. Burns Realty and Trust Company, Respondents.
No. 76-734.
Colorado Court of Appeals, Div. II.
May 5, 1977.
Rehearing Denied May 26, 1977.
George T. Ashen, John F. Griebel, Denver, for petitioner.
James A. May, Francis L. Bury, Robert S. Ferguson, Denver, for respondents State Compensation Insurance Fund, and D. C. Burns Realty and Trust Co.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Asst. Atty. Gen., Edward G. Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado, and John I. Lay, Director of the Division of Labor.
KELLY, Judge.
The claimant Thirza Kersting, seeks review of an Industrial Commission order finding her ineligible for relief under the Workmen's Compensation Act. The Industrial *395 Commission denied benefits when it determined sua sponte that the claim was barred by § 8-52-105(2), C.R.S. 1973. We set aside the order.
The claim stems out of an incident occurring in December 1973. At that time, the claimant, who was employed as an apartment house manager, was the victim of an armed robbery. In the course of the robbery, the claimant fell across a coffee table as she was thrown to the floor, and was then bound by the robbers, who fled the scene.
Mrs. Kersting filed her claim for compensation on September 25, 1975, and the State Compensation Insurance Fund denied liability for the claimed injuries. The matter proceeded to hearing, and the referee heard the claimant's testimony. The parties thereafter agreed to advise the referee if either desired a hearing for the taking of medical evidence. However, no further testimony was heard, as the parties stipulated to the entry of an order on the basis of evidence already in the record, including numerous medical reports filed by both sides. The referee, in fact-findings which were adopted by the Industrial Commission, dismissed the claim, on the sole ground that it was not filed within the one-year requirement of § 8-52-105(2). At no point in the proceedings prior to entry of the referee's order had either party raised or argued the applicability of this section.
We are thus confronted with the question whether § 8-52-105(2), C.R.S. 1973, is jurisdictional in nature or merely provides the State Compensation Insurance Fund with an affirmative defense which must be specifically raised. We conclude that the provisions of this section establish a statute of limitations, the protection of which had been waived by the State Compensation Insurance Fund.
Although this question has not arisen under the present codification of the Workmen's Compensation Act, the courts of this state have previously confronted the same problem under the predecessors of § 8-52-105(2), C.R.S. 1973, which differ only in details not here pertinent. In each of these cases, the predecessor statutes have been interpreted as statutes of limitation not jurisdictional in character. See, e.g., Miller v. Industrial Commission, 106 Colo. 364, 105 P.2d 404 (1940); Industrial Commission v. Cooperative Oil Co., 93 Colo. 192, 24 P.2d 753 (1933); Greeley Gas & Fuel Co. v. Thomas, 87 Colo. 486, 288 P. 1051 (1930).
This interpretation is supported by the language of the statute, which in part, reads as follows:
The director shall have jurisdiction at all times to hear . . . all cases of injury for which compensation or benefits are provided . . . . The right to compensation and benefits . . . shall be barred unless, within one year after the injury . . . a notice claiming compensation is filed with the division. This limitation shall not apply . . . . (emphasis added)
The terms of the section imply a statute of limitation, for they are more like the terms employed in such statutes than like terms of jurisdictional import. Moreover, the Act "is to be liberally construed to effectuate its humanitarian purpose of assisting injured workers." Mascitelli v. Guilliano & Sons Coal Co., 157 Colo. 240, 402 P.2d 192 (1965). This insight into the intent and purpose of the statute, coupled with prior cases finding a waiver or estoppel of the time limits for filing a claim, lead to the inescapable conclusion that the one-year period is not jurisdictional. See Ball v. Industrial Commission, 30 Colo.App. 583, 503 P.2d 1040 (1972). See also Hildreth v. Director of the Division of Labor, 30 Colo.App. 415, 497 P.2d 350 (1972).
The reported decisions are replete with cases finding a waiver of the filing period or an estoppel to raise the defense. See, e.g., Weidensaul v. Industrial Commission, 107 Colo. 28, 108 P.2d 234 (1940); Garden Farm Dairy v. Dorchak, 102 Colo. 36, 76 P.2d 743 (1938); Ontario Mining Co. v. Industrial Commission, 86 Colo. 206, 280 P. 483 (1929); Kettering Mercantile Co. v. Fox, 77 Colo. 90, 234 P. 464 (1925). These decisions accord with the principle that a *396 defense is lost if not raised in a timely manner. Only in this way can the party against whom the defense is raised prepare to meet the asserted bar. See Bryant v. Hand, 158 Colo. 56, 404 P.2d 521 (1965). This principle is particularly pertinent where, as here, the statute imposes upon the claimant the burden of producing facts which exempt him from operation of the statute of limitations.
Where, as here, the State Compensation Insurance Fund awaits the outcome of a hearing on the merits before invoking the one-year statute of limitations, it waives its right to the protection of that provision. Ontario Mining Co. v. Industrial Commission, supra; Kettering Mercantile Co v. Fox, supra; see Garden Farm Dairy v. Dorchak, supra. We consequently hold that the Fund's failure to raise the statute of limitations constituted a waiver thereof, and the Industrial Commission erred in basing its denial of Mrs. Kersting's claim on the provisions of § 8-52-105(2), C.R.S. 1973.
The Commission's order is therefore set aside and the claim is remanded for a ruling on the merits based on the findings made and any further findings the Commission deems necessary from the evidence already before it.
ENOCH and RULAND, JJ., concur.