Anderson, Campbell and Laugesen, P.C., Michael W. Sutherland, Denver, for respondents Monte Vista Co-Op and Farmland Ins.

Calvin GRANT, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE, Monte Vista Co-Op and Farmland Insurance, Respondents.

No. 86CA1584.

Colorado Court of Appeals,
Div. I.

June 4, 1987.

BABCOCK, Judge.

Claimant, Calvin Grant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) setting aside a hearing officer's award of workmen's compensation benefits. The Panel held that the claim for benefits was barred by the statute of limitations, § 8–52–105(2), C.R.S. (1986 Repl. Vol. 3B). We affirm.

Claimant was injured at work in March 1979. He immediately reported the injury to his employer and sought medical treatment. A physician advised that claimant had torn knee ligaments and recommended surgery. Claimant declined surgery and returned to work. Although he kept working, he suffered continued pain, weakness, and swelling in his knee.

In January 1985, claimant consulted another physician and underwent surgery. In March 1985, he filed a claim for workmen's compensation benefits. Respondents, Monte Vista Co-op and Farmland Insurance, denied liability, asserting that the applicable statute of limitations had run. The hearing officer rejected this con-

tention and awarded claimant temporary disability, medical and permanent disability benefits. On review, the Panel set the award aside.

While claimant concedes that he did not file his claim within the three-year limitation period, he nonetheless asserts that the Panel erred in setting the award aside because the statute of limitations had been tolled by respondents' failure to notify the Division of Labor of his injury.

Section 8–52–105(2) provides, in pertinent part:

"[T]he right to compensation and benefits ... shall be barred unless, within three years after the injury ... a notice claiming compensation is filed with the division ... but, in all cases in which the employer has been given notice of an injury and fails, neglects, or refuses to report said injury to the division as required by the provisions of said articles, *this statute of limitations shall not begin to run against the claim of the injured employee ... until the required report has been filed with the division.*" (emphasis added)

Section 8–45–101(1), C.R.S. (1986 Repl. Vol. 3B) sets forth the guidelines for injuries that employers are required to report. That subsection provides:

"Every employer shall keep a record of all injuries which result in fatality to, or permanent physical impairment of, or lost time from work for the injured employee in excess of three shifts or calendar days. Within ten days after notice or knowledge that an employee has contracted an occupational disease, or the occurrence of a permanently physically impairing injury, or lost-time injury to an employee, or immediately in the case of a fatality, the employer shall, in writing, upon forms prescribed by the division for that purpose, report said occupational disease disability, permanently physically impairing injury, lost-time injury, or fatality to the division."

It is undisputed that respondents did not report claimant's injury to the Division. Thus, claimant's contention that the statute of limitations was tolled depends on whether the employer had notice or knowledge that the injury caused permanent physical impairment, or whether it caused claimant to lose more than three shifts or three calendar days from work. We conclude that neither condition has been shown by the evidence in the record.

I.

Although claimant was ultimately found to be permanently physically impaired, there is no evidence that the employer had notice or knowledge of this impairment until claimant's physician issued a report after the 1985 surgery. By then, the period of limitations had already run.

Claimant asserts, however, that the employer was on notice of the permanent nature of his injury when the first physician issued his report in 1979. We disagree.

The 1979 reports merely diagnose the injury as a torn right medial collateral ligament and possible torn medial meniscus. The portion of the report that sought information on any resulting permanent disability was left blank. Thus, we conclude the employer had no notice or knowledge that the impairment was permanent, and it was therefore not required to report the injury to the Division under § 8–45–101(1).

II.

Although claimant testified that he did not recall missing any time from work after he was injured, respondents submitted the employer's first injury report that was filed with the insurer. This document indicates that claimant was injured on a Thursday, missed work the next day because of the injury, and returned to work "part-time" the following Monday.

In considering this evidence, the hearing officer concluded that claimant lost no time from work, apparently in reliance on claimant's recollection. The Panel affirmed this finding as supported by substantial evidence.

Nonetheless, claimant now contends that the employer's report is the "best evidence," and therefore is more reliable. He further contends that the report indicates

that he lost more than three days or shifts from work, *i.e.*, the Friday, Saturday, Sunday and half of the Monday following the injury. Again, we disagree.

 The employer's report that claimant asserts is the "best evidence" indicates that he lost only one full workday, a Friday, because of the injury. Claimant presented no evidence that he was scheduled to work, or ever worked, on Saturday or Sunday. There is also no evidence that claimant missed more than three shifts during this time.

Claimant had the burden to prove he was exempt from the operation of the statute of limitations. *See Kersting v. Industrial Commission*, 39 Colo.App. 297, 567 P.2d 394 (1977). This he did not do.

Order affirmed.

PIERCE and VAN CISE, JJ., concur.