# SUPREME COURT

### OF THE

# STATE OF ARKANSAS,

### AT THE

# MAY TERM, 1888.

---

## SIBLEY V. RATLIFFE.

50  477
62  240

50  477
69  382

50  477
89  500
90  403

1. RAILROAD COMPANIES: *Action against for injury to minor : Parties : Practice.*
   A minor by his next friend sued a railroad company under section 5539 Mansf. Dig.,. for injuries caused by its train, and the defendant moved to dismiss the suit because it was not brought by the minor's father, mother, or guardian. The minor having reached his majority, applied for and obtained leave to prosecute the suit in his own name, and the motion to dismiss was thereupon denied. *Held:* This was not error,. as under the statute two causes of action accrue in case of injury to a minor— one to his parent for the loss the latter suffers, and one to the minor for his personal injuries.

2. SAME: *Action against for injury by train: Evidence.*
   The plaintiff was struck by the engine of a railroad company, and brought his action to recover damages for the injury. On a trial the general verdict was in his favor, and the jury found specially, that, at the time he was struck he was sitting on the side of the track asleep, and that when seen by the engineer he was at least 200 yards from the engine. The engineer testified that he did not see the plaintiff until he was within fifty or sixty feet of him, and that the latter's position rendered it impossible to see him sooner. But it was shown that on a former trial the same witness testified that he discovered the plaintiff about one hundred yards ahead of the engine. Another witness testified that from the door of the mail car he saw the plaintiff several

hundred yards ahead of the train. It was in proof that the train could have been stopped within a distance of 350 feet; and there was testimony to the effect that nothing was done to warn the plaintiff of the danger to which he was exposed or to avert it. *Held:* That the evidence was sufficient to sustain the verdict.

3. SAME: *Duty to tresspasser on track.*

Railroad Co. v. Monday, 49 Ark., 257; Railway Co. v. Fairbain, 48 Ark., 491; Railway Co. v. Haynes, 47.Ark., 497; Railway Co. v. Wilkerson, 46 Ark., 513; Railway Co. v. Ledbetter, 45 Ark., 249; Railway Co. v. Pankhurst, 36 Ark., 371; and Railway v. Freeman, Ib., 41, approved, as to the duty of a railway to a tresspasser on its track.

4. SAME: *Action Against: Instructions.*

On the trial of an action against a railroad company to recover for an injury to the plaintiff caused by the defendant's train, the testimony of witnesses was conflicting as to whether the engineer sounded the whistle or not, and the defendant requested the following instruction: "The positive testimony of a witness who says he heard the whistle blow, is entitled to more weight than the negative testimony of a witness who says he did not hear it." *Held:* That it was not error to refuse the instruction, as the credibility of the witnesses and the weight to be given to their testimony were questions for the jury.

APPEAL from *Lonoke* Circuit Court.
F. T. VAUGHAN, Judge.

*U. M. & G. B. Rose,* for appellant.

1. A railroad company owes no duty to tresspassers further than not to run them down wilfully; and its servants have a right to presume that a tresspasser will leave the track in time to escape injury. It is not the duty of employees to keep a watch for tresspassers, their only duty was, after seeing him in time to prevent the injury, not to wilfully and negligently injure him. 36 *Ark.,* 41; *Ib.,* 371; 45 *Id.,* 249; 46 *Id.,* 513; 47 *Id.,* 497; 49 *Id.,* 257.

In view of the settled law of this state, the court erred in refusing the instructions asked, and the finding of the jury, was not supported by any evidence.

2. The court erred in refusing to dismiss the suit as improperly brought. The right to sue was in Ratliffe's mother. *Mansf. Dig., sec.* 5539; 34 *Ark.,* 493; 7 *Am. & Eng. R. cases,* 25; 11 *Id.,* 667.

Sibley v. Ratliffe.

*Jno. C. & C. W. England,* for appellee.

The decisions of this court establish. the rule, that a railroad company is not bound to be on the loookout for tresspassers, and the company's liability begins only when the tresspasser is discovered. 49 *Ark.,* 257 *and cases cited.* But when he is discovered, and in a condition that it is probable that he will not leave the track or avoid the danger, and in time to prevent injury, then the company must not only give warning but use all efforts in their power to avoid the injury. See 5 *Mo. App.,* 435; 2 *Wood Ry. Law,* 1272; 17 *Ind.,* 102; 26 *Id.,* 78; 85 *Ill.,* 481; 39 *Md.,* 574; *Patterson Ry. Ac. Law,* sec. 204; 2 *Rorer Ry. Law,* 1122; 1 *Dillon,* 579; 4 *Col.,* 524; 2 *Wood R. L.,* 1255–8; 67 *Ala.,* 539.

There is sufficient evidence to support the finding of the jury, that the engineer saw Ratliffe in time to avoid the injury, and the preponderance of the evidence shows that no warning was given. Under these circumstances the company is liable. Cases sup., 54 *Tex.,* 620; 45 *Ia.,* 29; 46 *N. Y., Sup.,C. R.,* 474; 13 *Mo. App.,* 352; 25 *Kansas,* 744; 50 *Mo.,* 461; 74 *Mo.,* 554.

COCKRILL, C. J. The appellee, Ratliffe, was injured by an engine of the Memphis & Little Rock Railway. He was a minor at the time, and after obtaining permission of the court which appointed Sibley receiver of the company, brought suit by his next friend to recover damages for the injury. There was a trial and verdict for the plaintiff which the court set aside. Afterwards, the defendant moved to dismiss the action because it had not been instituted at the instance of the minor's father, mother, or guardian. Ratliffe having reached his majority in the meantime, asked and obtained leave to

Sibley v. Ratliffe.

prosecute the action in his own name, and the motion to dismiss was, thereupon, denied.  A second trial resulted in a verdict for the plaintiff for $1500.  The court refused to disturb it; judgment was entered accordingly; the defendant took his bill of exceptions and appealed.  It is urged that the court erred in refusing to dismiss the action.

1. RAIL-ROAD COMPA-NIES: Action against for injury to minor: Parties: Practice.

I. The statute directing by whom suit may be brought for an injury not resulting in death done to a person by a railroad train in this state is as follows:

"When any person shall be wounded by a railroad train running in this state, he may sue for damages in his own name; or if he be a minor, his father, if living, may sue; and if the father be dead then the mother may sue; and if both father and mother be dead, then the guardian of such minor may sue for and recover such damages as the court or jury trying the case may assess." *Mansfield's Digest, sec.* 5539.

Statutes substantially like this are in force in many of the states, and the construction placed upon them by the courts is that in case of an injury to a minor child, two causes of action arise—one in favor of the infant for his personal injuries and one in favor of the parent for losses suffered by him or her.  *Durkee v. Cent. Pac. Ry. Co.*, 56 *Cal.*, 388; See authorities collected in note to Lehigh Iron Co. v. Rupp, 7 *Am. & Eng. R. R. Cases*, 30; *Shearm. & Redf. on Negl., sec.* 608.

As a right of action accrued to the minor by reason of the injury, it was not error to permit him to prosecute the suit in his own name after reaching his majority to recover such damages as he was entitled to.  *Smith v. Smithson*, 48 *Ark.*, 261.

Sibley v. Ratliffe.

II. It is argued that the evidence is not sufficient to sus- 2. SAME: Action tain the verdict and that the court misdirected the jury and against for injury to erred in refusing to charge as requested. trespasser: Evidence.

The plaintiff had started to walk over the defendant railway's. track from Madison to Lonoke. On the second day of his journey he was struck by a passing engine and permanently injured. The jury were required by the court to find the facts specially in response to the following questions :

1. What was Ratliffe doing when he was struck by the engine?

2. How far was the engine from Ratliffe when the engineer first saw him?

To the first query they responded as follows: "We the jury believe the plaintiff was at the time he was struck sitting on the side of the track asleep;" and to the second that "he was at least 200 yards from the engine when seen by the engineer.

Upon both propositions the evidence was conflicting. As the jury is the final arbiter or tryer of the facts, we pass by the evidence which contradicts the verdict, and look only to that which tends to sustain it. If out of the conflicting mass we find enough to justify the verdict, we decline to interfere in accordance with a long settled practice, regardless of the preponderance of the evidence. It is not contended that there is no evidence to support the first special finding of fact. It is said there is none to sustain the second special finding, or the general verdict. The engineer testified that he did not see the plaintiff until he was within fifty or sixty feet of him, that he was lying on the ground near the rail and so obscured as to render it impossible to see him earlier ; that he recognized the object as a man the instant he saw it, and that he put on the brakes, reversed the engine, "stopped as soon as he could and blew the whistle."

Upon cross-examination it was developed that this witness
31

had testified on the former trial of the cause that he discovered the plaintiff about 100 yards ahead of the engine; and that in his deposition which was taken at another time, he placed the distance at seventy-five yards, and said that he had sounded the alarm to warn the plaintiff of his danger.

Bush, who was a U. S. mail agent on the train, testified that he was standing in the door of the mail car just before the accident, ready to throw the mail sack off at the next station, and as he looked ahead he saw the plaintiff on the track or ends of the cross ties, several hundred yards ahead of the train; that he turned to Rowland, who was in the car with him, and told him of the circumstance, and that Rowland went to the car door in time to see the plaintiff about fifty yards in front of the engine. Rowland corroborated the latter part of this statement. It was in proof that the train could have been stopped within a distance of 350 feet; that the whistle was not sounded or the bell rung.

It is immaterial whether the jury was accurately correct in fixing the distance at which the engineer discovered the plaintiff on the track at not less than 200 yards. If his perilous position was discovered at a less distance the collision might have been prevented. When we look to the engineer's statement that he discovered the plaintiff at the earliest moment it was physically possible to see him from his position in the cab, and to that of Bush that he (Bush) actually saw him several hundred yards ahead, from a less advantageous position, we cannot say there is any inaccuracy in the special finding. From the conflicting statements of the engineer alone, the jury could have drawn the conclusion that he saw the plaintiff 100 yards in front of the engine and realized the peril of his position at once; and if they further believed the testimony of other witnesses to the effect that he made no effort to avert the danger or warn the victim, their conclusion was justifiable. We cannot say that the verdict is without evidence to sustain it.

Sibley v. Ratliffe.

III. The law governing the duty of a railway to a tress-passer.upon its track has been stated time and again by this court. *Ry. v. Monday*, 49 *Ark.*, 257; *Ry. v. Fairbain*, 48 *Ib.*, 491; *Ry. v. Haynes*, 47 *Ib.*, 497; *Ry. v. Wilkerson*, 46 *Ib.*, 513; *Ry. v. Ledbetter*, 45 *Ib.*, 249; *Ry. v. Pankhurst*, 36 *Ib.*, 371; *Ry. v. Freeman, Ib.*, 41. It is not necessary to do more than cite the previous cases and state the substance of the court's charge to the jury to show that the defendant was not prejudiced in this respect.

3. SAME:
Duty to
trespasser
on track.

Only a part of the court's charge in this case was excepted to, and our attention is not directed to any part of it as being inconsistent with what we have previously ruled in similar cases. Only errors of omission, or rather of refusal to charge as requested by the defendant, are assigned here.

The jury were instructed, in the language asked by the defendant, to the effect that the plaintiff was a tresspasser while on the railway track; that he went upon the track at his peril, and that he could not recover unless he showed that he was wilfully injured by the company's agents, or unless they, knowing his perilous situation and that he was not apprised of his peril, recklessly ran the train on him. They were told that the servants of the company had the right to presume that he (plaintiff) would get off the track in time to avoid injury, unless there was something unusual in his situation to warn them that he would not; that they were not bound to check the speed of the train unless they discovered that there was; and that an omission to sound the whistle or ring the bell must have been wilful and reckless to warrant a recovery.

Other requests in the line of those already given were re-jected. We cannot say that was error.

IV. The refusal to give the following language in charge to the jury is the final assignment of error. "The positive testimony of a witness, who says he heard the whistle blow,

4. SAME:
Action
against: In-
structions.

is entitled to more weight than the negative testimony of a witness who says he did not hear it."

It is doubtful from the conflicting statements of the engineer, whether he sounded the whistle before the injury was inflicted. As to whether it was sounded or not, the testimony of other witnesses is conflicting. It was the province of the jury to determine the question of veracity between the witnesses. The rejected requests to charge upon this point may be a correct statement of a conclusion of logic when the witnesses who testify negatively and affirmatively, are of equal credibility and have the same opportunities for hearing the signal. But the request falls short of stating the full proposition. *Keith v. State*, 49 *Ark.*, 439. It may be doubted whether, if proper in any case to instruct the jury on the weight to be given to evidence, [see *Keith v. State, sup.*] it can be said to be error to refuse to do so. *Chicago & Alton Ry. v. Robinson*, 106 *Ill.*, 142; *S. C.* 19 *Am. & Eng. R. Cases*, 396 *and note.*

It was not error to refuse the request.   Affirm.