ANTHONY *v*. ST. LOUIS, IRON MOUNTAIN & SOUTHERN
RAILWAY COMPANY.

Opinion delivered May 12, 1913.

1.  STATUTES—REPEAL.—The married daughter and minor children of deceased brought suit against defendant railway company on June 3, 1912, for the killing of their father, which occurred in Septem-

ber, 1909. *Held,* Kirby's Digest, § 5075, providing that persons under disability may bring suit on a cause of action within three years after the disability is removed, does not repeal Kirby's Digest, § 6290, which provides that in actions for wrongful death, such action shall be commenced within two years after the death of such person, since the two statutes relate to different subjects, and there is no necessary repugnance between their provisions. (Page 222.)

2. LIMITATIONS OF ACTIONS—DEMURRER.—In an action against a railway company for damages for the wrongful killing of plaintiffs' father, when the complaint shows on its face that the action was not brought within the two years required by the statute (Kirby's Digest, § 6290), the defendant may avail himself of the objection by demurrer. (Page 223.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

On June 3, 1912, Mrs. Irma Anthony, in her own name, and as next friend to Victor Peterson and Roscoe Peterson, minors, instituted this action in the circuit court against the St. Louis, Iron Mountain & Southern Railway Company to recover damages for injuries received by their father, which resulted in his death. They allege that the plaintiff, Mrs. Irma Peterson, is only twenty-one years of age, and that Victor Peterson and Roscoe Peterson are minors. That their father, Andrew Peterson, in September, 1909, while in the employ of the defendant railway company, was run over and killed by one of its trains, and that said injury and death was caused by the negligence of the defendant's employees in the operation of said train.

The defendant demurred to the compalint, which demurrer was sustained by the court, and from the judgment rendered, the plaintiffs have duly prosecuted an appeal to this court.

*Oscar H. Winn,* for appellant.

The complaint alleges a cause of action *ex contractu* as well as *ex delicto,* and the cause of action is not barred. 35 Ark. 622; 50 Ark. 250; 62 Ark. 360; 67 Ark. 189; 68 Ark. 433; 63 Ark. 563; 71 Ark. 71.

*E. B. Kinsworthy* and *T. D. Crawford,* for appellee.

1. The cause of action is barred. Kirby's Dig., § 6290.

2. The question whether plaintiff failed to sue within the time prescribed by the statute, could be raised by demurrer. 25 Cyc. 1398; 13 Cyc. 340; 72 Miss. 886; 94 N. C. 525; 70 S. C. 254; 51 Wis. 603; 42 W. Va. 813; 154 Fed. 121; 119 U. S. 214; Tiffany, Death by Wrongful Act, § 121, and cases cited in note 3.

3. The general statute saving the rights of infants, Kirby's Dig., § 5075, is inapplicable in this case. 50 Ark. 132.

HART, J., (after stating the facts). In the case of *Earnest* v. *St. Louis, Memphis & Southeastern Railway Co.,* 87 Ark. 65, we held that by the common law, the death of a human being could not be made the subject of a civil action, and that where a stautory right of action is given, which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced,. the time so fixed becomes a limitation or condition upon the right of action, and will control. Mr. Tiffany says that, inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. Tiffany on Death by Wrongful Act, (2 ed.), section 121.

Section 6290 of Kirby's Digest, commonly known as Lord Campbell's Act, upon which the claim of the plaintiffs is based, contains the proviso, "that every such action shall be commenced within two years after the death of such person." Inasmuch as the statute creates no saving clause for the benefit of persons under disability, the infancy of the plaintiffs at the time·the cause of action accrued, does not postpone the running of the statute. 13 Cyc. 340; Tiffany on Death by Wrongful Act, (2 ed.), sections 121, 122. It follows that the bringing of the suit within two years from the death of the person whose death has been.caused by the wrongful act is made an essential element of the right to sue. As said in the

case of *The Harrisburg,* 119 U. S. 199, ''The time within which a suit must be brought operates as a limitation of the liability itself as created, and' not of the remedy alone. It is a condition to sue at all.'' But counsel for plaintiffs claim that the proviso of section 6290, above quoted, is repealed by section 5075 of Kirby's Digest, which reads as follows:

''If any person entitled to bring any action, under any law of this State, be, at the time of the accrual of the cause of action, under twenty-one years of age, or insane or imprisoned beyond the limits of the State, such person shall be at liberty to bring such action within three years next after full age, or such disability may be removed.''

We can not agree with his contention. Section 5075 of Kirby's Digest, was passed April 17, 1899, and was entitled, ''An Act to amend section 4833 of Sandels & Hill's Digest,'' and is also a part of the chapter relating to the statute of limitations. In the case of *Sims* v. *Cumby,* 53 Ark. 418, it was held that the general saving clause in the act of December 14, 1844, in favor of infants and persons under disability was limited in terms to laws then in force, and was inapplicable to statutes of limitations subsequently enacted. The act of April 17, 1899 (section 5075), was passed to remedy this defect, and it also extended the time for bringing actions of persons under disabilities mentioned in the section to a period of three years after their disabilities were removed. Section 5075 is a part of our general statutes of limitation, and does not refer to section 6290, and does not expressly repeal it. In *Coats* v. *Hill,* 41 Ark. 149, the court said:

''Repeals by implication are not favored. To produce this result, the two acts must be upon the same subject, and there must be a plain repugnancy between their provisions; in which case, the later act, without the repealing clause, operates, to the extent of repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then the later act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first.'' See also, *C., R. I. & P. Ry. Co.* v. *McElroy,*

92 Ark. 600; *Welch Stave & Mercantile Co.* v. *Stevenson,*
92 Ark. 266; *State* v. *Southwestern Land & Timber Co.,*
93 Ark. 621.

In the application of this rule, we do not think that
section 5075 repeals the proviso contained in section
6290. As we have already seen, the limitation contained
in the proviso of section 6290 is not merely of the rem-
edy, but is of the right of the action itself. We can not
find that the Legislature, by the passage of section 5075,
intended to repeal the proviso contained in section 6290.
The two statutes relate to different subjects, and there is
no necessary repugnancy between their provisions. It
follows that this action is barred under section 6290, of
Kirby's Digest.

The complaint shows on its face that the action was
not brought within the two years required by the statute
and in the case of *Earnest* v. *St. Louis, Memphis &
Southeastern Ry. Co.* 87 Ark. 65, we held that the de-
fendant may avail himself of the objection by demurrer.
The reason for this is well stated in *Hanna* v. *The Jeffer-
sonville Railroad Co.,* 32 Ind. 113. The court said:

"It only remains to ascertain whether the point can
be raised in this case by demurrer to the complaint.
Ordinarily, statutes of limitations must be pleaded
though the facts appear by the averments of the com-
plaint. The reason for this is, that usually there are ex-
ceptions to statutes of limitations, and the plaintiff
should therefore have the opportunity of replying to the
plea, so that he may show that the case is within any of
the exceptions. To compel him to make these aver-
ments in the complaint, would tend to inconvenient and
needless prolixity. But in the case before us there are
no exceptions, and consequently there is no reason why
the defendant should plead the fact. There could be no
reply avoiding the plea. The complaint brings upon the
record all the facts concerning the matter that could
be of service to either party, and the answer would be
but a repetition of them, accomplishing no useful end.
We think, therefore, that the question was properly

raised by the demurrer, and that it was correctly sustained.''

The judgment will be affirmed.