### WESTERN COAL & MINING CO. v. HISE et al.

(Circuit Court of Appeals, Eighth Circuit. July 8, 1914.)

No. 3987

DEATH (§ 38*)—ACTIONS FOR CAUSING DEATH—SPECIAL LIMITATIONS.

Kirby's Dig. Ark. § 5083, which is a part of the general statute of limitations and provides that if an action is brought within the time prescribed and the plaintiff shall suffer a nonsuit a new action may be brought within one year thereafter, does not apply to an action for wrongful death brought, under section 6290 of such digest, which makes the bringing of an action within two years an indispensable condition to the liability.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 53; Dec. Dig. § 38.*

What law governs actions for wrongful death, see note to Burrell ⅴ. Fleming, 47 C. C. A. 606.]

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action at law by Helen Hise and Vesta Hise, who sues by Helen Hise as next friend, against the Western Coal & Mining Company. Judgment for plaintiffs, and defendant brings error. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ira D. Oglesby, of Ft. Smith, Ark., for plaintiff in error.

T. P. Winchester and W. R. Martin, both of Ft. Smith, Ark., for defendants in error.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This suit is brought by the defendants in error, referred to herein as plaintiffs, to recover damages for the death of the husband and father of the plaintiffs, by reason of the negligence of the defendant, the plaintiff in error.

It appears from the complaint that the injury and death occurred on January 19, 1910. That a suit to recover damages therefor was instituted on October 19, 1910. On June 19, 1912, the plaintiffs took a voluntary nonsuit, and this action was instituted on December 5, 1912, which was more than two years after the death of the intestate. A demurrer was filed by defendant with its answer, which was by the court overruled, and proper exceptions taken.

Section 6290 of Kirby's Digest of the Statutes of Arkansas, commonly known as Lord Campbell's Act, upon which the claim of the plaintiffs is based, contains a proviso that "every such action shall be commenced within two years after the death of such person."

Section 5083 of Kirby's Digest, which is found in the chapter on Limitations, provides that "if any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, * * * such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed."

This cause was disposed of by the trial court, before the opinion of this court, in Partee v. Railroad Co., 204 Fed. 970, 123 C. C. A. 292, and that of the Supreme Court of Arkansas in Anthony v. Railway Company, 108 Ark. 219, 157 S. W. 394, were announced.

In the Partee Case this same question was before this court under the statutes of Oklahoma, which are practically the same as those of Arkansas, and it was there held that the statute authorizing a new suit to be brought, after a nonsuit is taken, does not apply to Lord Campbell's Act. The ground upon which that decision is based is that:

"The statute, which in itself creates a new liability, and creates an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action, within the time it fixes, is an indispensable condition to the liability and of the action which it permits."

The Supreme Court of Arkansas in Anthony v. Railway, supra, recognized the same doctrine, and refused to apply the exception made by the Arkansas statute of limitations in favor of married women and infants. In that case it was also held by the Supreme Court of Arkansas that the defendant may avail himself of this objection by demurrer. The court erred in refusing to sustain the demurrer to the complaint, and the cause is accordingly reversed.