Eula Mae HICKS, Administratrix, Eula Mae Hicks, in her own right, Catherine Hicks Moody, Lorine Hicks Hall and Hazel Jean Hicks, Plaintiffs,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Defendant.

No. 862.

United States District Court
W. D. Arkansas,
El Dorado Division.

March 11, 1960.

G. E. Snuggs, El Dorado, Ark., for plaintiffs.

Robert V. Light, Little Rock, Ark., for defendant.

HENLEY, District Judge.

On motion of the defendant for summary judgment and on cross motion of the plaintiffs for partial summary judgment.

This is an action brought by Eula Mae Hicks, as administratrix of the estate of Jimmie Hicks, deceased, and by Eula Mae Hicks in her own right, Catherine Hicks Moody, Lorine Hicks Hall, and Hazel Jean Hicks, against the defendant, Missouri Pacific Railroad Company, to recover damages on account of alleged personal injuries to and the death of Jimmie Hicks, which death occurred on October 27, 1956, as a result of an accident which happened in the yards of the defendant at El Dorado, Arkansas, on June 6, 1950.

The complaint alleges that on the date of the accident the deceased, nineteen years of age, was seriously and permanently injured as a result of the negligence of employees of the defendant, that he continuously suffered from his injuries to the time of his death in 1956, and that the injuries were the cause of his death. The plaintiff, Eula Mae Hicks, as administratrix of the estate of the deceased, seeks to recover for the benefit of the latter's estate such damages as will compensate the estate for the alleged physical pain and mental anguish of the deceased resulting from his injuries. Said plaintiff likewise seeks to recover on her own account for her alleged loss of financial contributions from her deceased son and for mental anguish she claims to have sustained by reason of his death. The other plaintiffs, sisters of the deceased, seek to recover for their alleged mental anguish resulting from his death.

Although the deceased was injured in 1950 and died in 1956, this suit was not filed until October 6, 1959, and the defendant has moved for summary judgment on the theory that the action is barred in its entirety by the applicable Arkansas statutes of limitations. The plaintiffs deny the validity of that contention, take the further position that the defendant's motion is frivolous and was filed solely for purposes of delay, and contend that summary judgment should be entered against the defendant fixing liability but leaving open the question of damages. In passing upon these motions the Court accepts as true the allegations of the complaint.

At the outset it is observed that two separate and distinct causes of action are asserted. The first of these seeks compensation for the injuries sustained by the deceased himself. It is brought under the Arkansas survival statute (Ark.Stats. § 27–901), and any recovery thereon would be for the benefit of the estate of the deceased. The

second cause involves compensation for the *death* of the deceased, and is predicated upon the Arkansas version of Lord Campbell's Act, which version, prior to the passage of Act 255 of 1957, was codified as Ark.Stats., Sections 27–903 and 27–904. Act 255 of 1957 is now codified as Ark.Stats., Sections 27–906 through 27–910. Any recovery in the second action would be for the benefit of the next of kin of the deceased.

■ The dual nature of an action of this type is made clear by the early Arkansas decision in Davis v. Railway, 53 Ark. 117, 13 S.W. 801, 7 L.R.A. 283. See also Morgan v. Rankin, 197 Ark. 119, 122 S.W.2d 555, 119 A.L.R. 1466. In Davis it was said (at pages 125–126 of 53 Ark., at page 802 of 13 S.W.):

"* * * The English rule, which is commonly followed by the courts of the states whose statutes embody the provisions of Lord Campbell's act, is that the right of action given by the latter statute to the personal representative of one whose death has been caused by the default of another is created by the statute, and is not a continuation of the right of action which the deceased had in his life-time, although the new right, it has been ruled, arises only by preserving the cause of action which was in the deceased. If the deceased never had a cause of action, none accrues to his representative or next of kin. The right which accrued to the deceased revives to his administrator by virtue of the former statute [now Ark. Stats., Section 27–901]; the newly-created right results from an accrual on the death of the injured party. Both actions are prosecuted in the name of the personal representative, where there is one, and may proceed *pari passu* without a recovery in the one having the effect of barring a recovery in the other, because the suits are prosecuted in different rights, and the damages are given, upon different principles to compensate different injuries. One is for the loss sustained by the estate, and for the suffering from the personal injury in the life-time of the decedent, the recovery in which goes to the benefit of the decedent's creditors, if there are any; the other takes no account of the wrongs done to the decedent, but is for the pecuniary loss of the next of kin occasioned by the death alone. The death is the end of the period of recovery in one case, and the beginning in the other. In one case the administrator sues, as legal representative of the estate, for what belonged to the deceased; in the other, he acts as trustee for those upon whom the act confers the right of recovery for the pecuniary loss inflicted upon them * * *."[1]

■ The Arkansas survival statute, Ark.Stats., Section 27–901, under which the action for the benefit of the estate is brought, provides that: "For wrongs done to the person or property of another, an action may be maintained against the wrong-doers, and such action may be brought by the person injured, or, after his death, by his executor or administrator against such wrong-doer, or, after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contracts." That statute was originally Section 59 of Chapter 4 of the Revised Statutes of Arkansas, and does not appear to have been amended. It is established that actions under said statute are governed by the general

---

1. As pointed out in Davis, both actions are to be brought by the personal representative of the deceased, if there is one. Hence, in the instant case Eula Mae Hicks and the sisters of the deceased should not appear as individual parties plaintiff. This procedural defect will be overlooked, however, and the complaint will be treated as though the administratrix had sued alone for the benefit of the estate and for the benefit of the next of kin. Hereinafter the administratrix will be referred to as the plaintiff.

three-year statute of limitations appearing as Ark.Stats., Section 37–206, which section also applies to a personal injury suit brought by the injured party during his own lifetime. Faulkner v. Huie, 205 Ark. 332, 168 S.W.2d 839; Smith v. Missouri Pacific Railroad Co., 175 Ark. 626, 1 S.W.2d 48; St. Louis, I. M. & S. R. Co. v. Robertson, 103 Ark. 361, 146 S.W. 482.

Prior to the 1957 amendment, the Arkansas death statute [2] was as follows:

"27–903. Wrongful death.— Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

"27–904. Parties—Beneficiaries —Damages—Limitation of action.— Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, and if there be no personal representatives, then the same may be brought by the heirs at law of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and, in every such ac-

tion, the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person. Provided, every such action shall be commenced within two [2] years after the death of such person."

Section 1 of Act 255 of 1957 (Ark. Stats., Section 27–906) is a substantial reenactment of Ark.Stats., Section 27–903; but certain changes were made in the provisions incorporated in Section 27–904. Significant for the purposes of this case were an extension of the period of limitations to three years, a provision making mental anguish a compensable element of damage, and a provision which calls for an apportionment of the award by court or jury, rather than in accordance with the laws of descent and distribution.

It may be noted that both the original and the more recent death statutes contain their own built-in periods of limitations, and those prescribed periods must be regarded as more than merely procedural. They are parts of the substantive rights created by the statutes. Thus, in Smith v. Missouri Pacific Railroad Co., supra, the Court said (at page 627 of 175 Ark., at page 48 of 1 S.W.2d):

" * * * At common law, no cause of action for personal injury survived the death of the injured person, and therefore appellant's right to maintain this action depends upon the statutes of this state, the injury and death having occurred in this state. In the case of Earnest v. St. Louis Memphis & S. E. R. Co., 87 Ark. 65, 112 S.W. 141, this court said: 'At common law a right of action existed for the injury of a person, which did not result in death, but no right of action existed for

---

**2.** Sections 27–903 and 27–904 were originally passed as Act 53 of 1883. That said statute was an adoption of Lord Campbell's Act was specifically rec- ognized in Davis v. Railway and in Smith v. Missouri Pacific Railroad Co., both supra.

the death of a human being.' Again in the same case the court said: 'The general rule is that, where a cause of action does not exist at common law, but is created by the statutes of a state, it only exists in the manner and form and for the length of time prescribed by the statutes of the state which created it.' The court cited a number of cases sustaining this proposition of law. Again the court said in the same case: 'Therefore we conclude that it is now well settled that, where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixed the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action, and will control, no matter in what forum the action is brought.' Anthony v. St. Louis, I. M. & S. R. Co., 108 Ark. 219, 157 S.W. 394."

Further on in the same opinion the Court, after citing the death statute then in effect, went on to say (at page 629 of 175 Ark., at page 49 of 1 S.W.2d):

"The above section is commonly known and referred to as 'Lord Campbell's Act.' And this court, in the case of Anthony v. St. Louis, I. M. & S. R. Co., supra, held that the period of limitations fixed in the proviso, 'that every such action shall be commenced within two years after the death of such person,' precludes every person, including minors, from maintaining a cause of action thereunder after the two-year statutory bar has elapsed. In that case the court said: 'It follows that the bringing of the suit within two years from the death of the person whose death has been caused by the wrongful act is made an essential element of the right to sue.' It will therefore be seen that the very sections of the statute giving rise to the cause of action for the benefit of the next of kin on account of death provide a limitation of two years in which the suit may be brought, and are controlling here. It necessarily follows that this part of the cause of action was barred by the two-year statute, and appellant, not having brought her original suit for this damage within that time, is barred now from maintaining same * * *.'"

While, as pointed out, the 1957 statute extended the period of limitations to three years, there is nothing to indicate that the Supreme Court of Arkansas will characterize the longer period provided by the present statute differently than it had uniformly characterized the shorter period under the earlier statute.

With the foregoing discussion in mind, the Court now proceeds to a consideration of the defendant's plea of limitations as related to each of the two causes of action asserted in the complaint.

## I. The Cause of Action for the Benefit of the Estate

The complaint alleges that Jimmie Hicks was injured on June 6, 1950, at a time when he was nineteen years of age. There is no question that Hicks' cause of action for his own injuries accrued at that time, and that he could have then filed a suit to recover for all of his damages, both present and future which might be established by the evidence. The plaintiff's argument that this cause of action did not accrue until the death of the deceased simply cannot be sustained.

In this connection, in Faulkner v. Huie, supra, 205 Ark. at page 335, 168 S.W.2d at page 840, the court held that a cause of action in tort accrues and the statute of limitations ordinarily begins to run upon the happening of the injury and not at some later time. The court took occasion to cite the Restatement of Torts, Volume 4, Section 899(c) wherein it is said: "A battery or cause of action for negligently harming a person or a thing is complete upon physical contact even though there is no observable damage at the time of contact." To the same effect

is Field v. Gazette Publishing Co., 187 Ark. 253, 59 S.W.2d 19.

Allowing two full years for the balance of Hicks' minority, during which period the statute of limitations did not run, the statute came into operation not later than June 6, 1952, and the bar fell not later than the same date in 1955. It is thus clear that when Hicks died on October 27, 1956, his own action was completely barred.

When the administratrix was appointed, she stood in no better position than the deceased would have occupied had he lived and filed the suit personally, and since when the suit was commenced in 1959 the defense of limitations would have been available against the decedent himself it is likewise available against the administratrix. See 21 Am.Jur., Executors and Administrators, Section 901; 34 Am.Jur., Limitations of Actions, Section 376, p. 292; 25 C.J.S. Death § 43, p. 1138.

The position of the plaintiff on this phase of the case that the statute of limitations did not begin to run until the death of Hicks seems to stem from a failure to recognize the essentially dual nature of the action, heretofore mentioned, and from a failure to recognize that the claim for the benefit of the estate is governed by the general three-year statute of limitations and not by the special limitations period contained in the death statute.

### II. The Cause of Action for the Benefit of the Next of Kin

In support of its contention that the claim for the benefit of the next of kin of the deceased is barred by limitations, the defendant advances two arguments: First, that Ark.Stats., Sections 27–903 and 27–906 both contemplate that the decedent had a cause of action which he could have maintained at the time of his death, and that if the decedent's personal claim is barred at the time of his death, no action can be maintained by his beneficiaries under the death statute. Second, that the death of Hicks occurred in 1956 at a time when the period of limitations was two years under Section 27–904, that the suit was not filed within the two-year period, and that the 1957 statute specifying a three-year period of limitations did not operate so as to extend the time within which the plaintiff could commence her action for the benefit of the next of kin. (It is not contended that the original two-year period had expired before the passage of Act 255 of 1957.)

While the authority supporting defendant's first argument is not without conflict, the majority view, as stated in 25 C.J.S. Death § 56, is that: "Where the action for death is under a survival statute or is dependent on the existence of a cause of action in favor of decedent at the time of his death, the action is barred if at the time of the death the applicable statute had run against decedent's right of action. * * *" See also Street v. Consumers Mining Corporation, 185 Va. 561, 39 S.E.2d 271, 167 A.L.R. 886, and Annotation in 167 A.L.R. 894–911.

While there does not appear to be any Arkansas case that is directly in point, there is no reason to believe that the Supreme Court of Arkansas will not follow the majority rule above stated. Although the right of the next of kin to recover under the Arkansas death statute is not a mere continuation of the original right of the decedent, but is a new action in the sense that it arises at a different time, that the beneficiaries are different, and that the measure of damages is different, still it is a derivative action, and, as pointed out in Davis, supra, it arises only where the original right of the decedent has been preserved. The Court holds, therefore, that since the right of Jimmie Hicks to recover for his own injuries was barred by limitations prior to his death, his administratrix is now barred from maintaining an action for the benefit of the next of kin.

The Court's decision that it should sustain the first argument of the defendant in connection with the cause now under consideration renders it unnecessary for

the Court to pass upon the defendant's second argument.

Since in view of what has been said the defendant's motion for summary judgment will be granted in its entirety, it follows that the plaintiff's cross motion for partial summary judgment will be denied.

It is, therefore, by the Court considered, ordered, and adjudged that the motion of the defendant for summary judgment be, and the same hereby is, granted; that the plaintiff's cross motion for partial summary judgment be, and the same hereby is, denied; and that the complaint herein be, and it hereby is, dismissed with prejudice at the cost of the plaintiff.