Mrs. Francine Hardy SANDUSKY, Administratrix of the Estate of 1st Lt. Thomas Marvin SANDUSKY, Deceased *v.* FIRST ELECTRIC COOPERATIVE

79-155                                    587 S.W. 2d 37

Opinion delivered October 1, 1979
(Division II)

*Phillip H. McMath, P.A.,* for appellant.

*Friday, Eldredge & Clark,* by: *Overton S. Anderson* and *Donald H. Bacon,* for appellee.

FRANK HOLT, Justice. Appellant, as administratrix of the estate of her deceased husband, filed this tort action on behalf of their two minor children. The action was brought after the expiration of the three year statute of limitations contained in the Arkansas Wrongful Death Act, Ark. Stat. Ann. § 27-907 (Repl. 1962). The trial court sustained appellee's demurrer on the ground that the action was barred by the statute of limitations. The only issue presented by this appeal is whether or not the general savings clause in Ark. Stat. Ann. § 37-226 (Repl. 1962) tolls the statute of limitations in § 27-907, which provides:

> Every such action [wrongful death] shall be brought by and in the name of the personal representatives of such deceased person, and if no personal representative, then same shall be brought by the heirs at law of such deceased person. Every action authorized by this act [§§ 27-

906 & 27-910] shall be commenced within three [3] years after the death of the person alleged to have been wrongfully killed and not thereafter.

§ 37-226 reads:

If any person entitled to bring any action, under any law of this state, be, at the time of the accrual of the cause of action, under twenty-one [21] years of age, or insane or imprisoned beyond the limits of the state, such person shall be at liberty to bring such action within three [3] years next after full age, or such disabllity may be removed.

Appellant contends that the three year statute of limitations in § 29-907 is tolled when the plaintiffs, as here, are minors and that the cause of action does not accrue during their minority. The general rule is that a provision in a wrongful death statute which requires an action to be brought within a specified time is more than "an ordinary statute of limitations and goes to the existence of the right itself." 25A C.J.S Death § 53b. In *Anthony v. St. Louis I.M. & S. Ry. Co.*, 108 Ark. 219, 157 S.W. 394 (1913), we held that the "bringing of the suit within [three] years . . . is made an essential element of the right to sue." We cited with approval *Earnest v. St. Louis Memphis and Southeastern Railway*, 87 Ark. 65, 112 S.W. 141 (1908), which held that the time fixed by the statute becomes a limitation or condition on the right of action and will control. In *Anthony*, we specifically held that a general savings clause statute, as here, did not apply to suits brought under the wrongful death statute which statute accords a right of action that did not exist at common law. The *Anthony* rule has been consistently cited with approval and controlling in numerous decisions. *Hicks v. Missouri Pacific Railroad Company*, 181 F. Supp. 648 (W.D. Ark. 1960), appeal dismissed 285 F. 2d 427; *Missouri Pacific Railroad Co. v. Armstrong*, 184 Ark. 1076, 44 S.W. 2d 1093 (1932); *Smith v. Missouri Pacific Railroad Co.*, 175 Ark. 626, 1 S.W. 2d 48 (1927). We hold it is controlling here.

Appellant also argues that since the general savings

clause in § 37-226 has been applied to actions for medical malpractice, Ark. Stat. Ann. § 37-205 (Repl. 1962), it should be applied to the wrongful death statute because the two statutes are similar since neither statute contains a savings clause and each contains a statute of limitations. It is true that in *Graham* v. *Sisco,* 248 Ark. 6, 449 S.W. 2d 949 (1970), we held that the savings clause statute, § 37-226, tolled the two year statute of limitations, § 37-205, in malpractice actions. There is, however, a distinction between the two statutes. As appellee correctly observes, actions for malpractice are not statutory in origin. These statutes merely fix "the time in which action must be taken to enforce liability which they recognize as already existing." *Partin* v. *Wade,* 172 F. 2d 50 (8th Cir. 1949). However, it is well established in Arkansas that a right of action for wrongful death is of statutory origin only since no such cause of action existed at common law. *Smith* v. *Missouri Pacific Railroad Co., supra.* The limitation of time fixed by a wrongful death statute is a limitation on the right of action and is an essential element of the right to sue. Therefore, since the general savings clause provision of § 37-226 has no application to wrongful death actions, the court correctly sustained the demurrer.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.