622 F.2d 339
 Thomas David CRAWFORD and Kirk Evan Crawford, by Shirley
Sutter, their next friend, Appellants,
v.
MARTIN MARIETTA CORPORATION and Patrick Harrison, Inc., a
Florida corporation; and Patrick Harrison, E. P. Dunaway,
Nat G. Harrison, Jr., and R. H. Jackson, Trustees for
Patrick Harrison, Inc., Appellees.
 No. 79-1801.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 16, 1980.
Decided May 12, 1980.
 
 H. David Blair, Batesville, Ark., for appellants.
 Donald H. Bacon, Little Rock, Ark., argued, Boyce R. Love, Little Rock, Ark., on brief, for appellees.
 Before STEPHENSON, Circuit Judge, KUNZIG,* Judge, and McMILLIAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity case, plaintiffs-appellants seek damages for the alleged wrongful death of their father, who was killed in a construction accident in 1963. The suit was originally filed 15 years after the accident, and the district court[1] granted summary judgment for defendants on the ground that Arkansas' three-year statute of limitations for wrongful death actions barred the claim. This appeal followed. We affirm.
 
 
 2
 Appellants are the minor children of Thomas Evan Crawford, who died on March 2, 1963, as a result of injuries suffered while working on a project to construct underground missile silos in Arkansas. The statute of limitations in the Arkansas Wrongful Death Act, Ark.Stat.Ann. § 27-907 (Repl.1962) provides that claims for wrongful death "shall be commenced within three (3) years after the death of the person alleged to have been wrongfully killed and not thereafter." This claim, however, was not filed until 1978 some 15 years after Crawford's death. Nonetheless, appellants contend that the general savings to minors statute, Ark.Stat.Ann. § 37-226 (Repl.1962), tolls the statute of limitations until the minor children reach majority. The general savings statute provides that if a plaintiff is under 21 years of age at the time of the accrual of a cause of action, such person shall have three years after reaching majority in which to bring his action.
 
 
 3
 As we will indicate more fully infra, this claim is barred despite appellants' age because Arkansas has consistently interpreted the general savings statute to apply only to actions at common law and not to wrongful death actions, which always have been considered purely statutory.
 
 
 4
 In the face of this consistent interpretation by the Arkansas courts, appellants have attempted to persuade us that a cause of action for wrongful death has evolved in the common law. They argue that, given the cases of Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), and Gaudette v. Webb, 362 Mass. 60, 284 N.E.2d 222 (1972), the Arkansas Supreme Court would, if presented with the issue, overrule its previous decisions and recognize a common law wrongful death action. Such a decision would pave the way for the general savings statute to toll the statute of limitation that currently bars the instant case.
 
 
 5
 Though we are sympathetic to appellants' plight, we can not agree with their contentions.
 
 
 6
 As indicated supra, Arkansas has held consistently that the general savings statute does not operate to toll the wrongful death statute of limitations. In Anthony v. St. Louis I.M. & S. Ry., 108 Ark. 219, 157 S.W. 394 (1913), the court made clear that the "bringing of the suit within (three) years from the death of the person whose death has been caused by the wrongful act is made an essential element of the right to sue." Id. at 221, 157 S.W. at 395. The Anthony rule has since been applied repeatedly in Arkansas. E. g., Hicks v. Missouri Pacific Railroad Co., 181 F.Supp. 648 (W.D.Ark.1960), aff'd 285 F.2d 427; Missouri Pacific Railroad Co. v. Armstrong, 184 Ark. 1076, 44 S.W.2d 1093 (1932); Smith v. Missouri Pacific Railroad Co., 175 Ark. 626, 1 S.W.2d 48 (1927). Indeed, only last year the Arkansas Supreme Court in Sandusky v. First Electric Cooperative, 266 Ark. 588, 587 S.W.2d 37 (1979), reaffirmed the Anthony rule requiring suit within three years after the death of the person alleged to have been wrongfully killed and again stated explicitly that wrongful death actions are of statutory origin only.
 
 
 7
 In the face of this formidable authority, appellants support their argument with two cases, the Supreme Court decision in Moragne v. States Marine Lines, Inc., supra, and the Massachusetts decision in Gaudette v. Webb, supra. Neither is controlling here.
 
 
 8
 In Moragne, the Supreme Court held only that "an action does lie under general maritime law[2] for death caused by violation of maritime duties." 398 U.S. at 409, 90 S.Ct. at 1792. (Emphasis added.) Though the Court recognized the enactment in every state of wrongful death statutes and noted the broad policy in favor of recovery for wrongful death, 398 U.S. at 390-91, 90 S.Ct. at 1782, nowhere does the Court hold, as appellants ask us to hold, that wrongful death is now a common law rather than a statutory action.
 
 
 9
 In Gaudette, the Massachusetts Supreme Judicial Court, in recognizing that a common law right for wrongful death had evolved in that state, stated specifically that it was departing from the doctrine of stare decisis. Appellants have pointedly failed to cite even one other state holding that such a common law right exists. Moreover, appellees have indicated to us that the Arkansas Supreme Court was presented with both of these cases during its consideration of Sandusky, supra. While the court did not specifically address Moragne and Gaudette in its opinion, it apparently did not think they dictated the result appellants seek here.
 
 
 10
 We agree with the district judge below that Federal courts are not to overrule settled state law and predict that a state court would do so without strong indications from the state itself. Our latest indication from Arkansas, announced less than a year ago, is directly contrary to appellants' position. Appellants recognize that they are asking us to "lead" the Arkansas Supreme Court by recognizing a common law action for wrongful death, but we must answer their request in the negative.
 
 
 11
 Plaintiffs have also argued that Arkansas' refusal to toll the statute of limitations during the minority of plaintiffs with wrongful death claims, while tolling statutes of limitation for minors with other common law claims, violates the Equal Protection Clause of the Constitution. Appellants failed to assert this contention in the District Court, however, and we will not entertain it for the first time on appeal. Cato v. Collins, 539 F.2d 656 (8th Cir. 1976). See also, Harris v. Zurich Insurance Co., 527 F.2d 528 (8th Cir. 1975); Ludwig v. Marion Laboratories, 465 F.2d 114 (8th Cir. 1972).
 
 
 12
 In sum, since Arkansas law clearly indicates that the statute of limitations for wrongful death actions is not tolled during the minority of plaintiffs, the district court was correct in entering summary judgment for defendants.
 
 
 13
 Affirmed.
 
 
 
 *
 The Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation
 
 
 [1]
 The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 If Moragne contains any suggestion re common law, it is limited to death caused by violation of maritime duties. Such is not the factual picture of the instant case. And, as appellees have pointed out, the Court in Moragne recognized that "Maritime law had always, in this country as in England, been a thing apart from the common law . . ." 398 U.S. at 386, 90 S.Ct. at 1780