**Rothie Louise HARRIS, Plaintiff,**

v.

**STANDARDIZED SANITATION SYSTEMS, INC., A Corporation; Pacific Floor Machine Manufacturing Company, A Corporation; and Howell Electric Motors, A Corporation, Defendants.**

**Nancy Michelle McFADDEN, Plaintiff,**

v.

**STANDARDIZED SANITATION SYSTEMS, INC., A Corporation; Pacific Floor Machine Manufacturing Company, A Corporation; and Howell Electric Motors, A Corporation, Defendants.**

**Civ. Nos. 85-2311, 86-2030.**

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Feb. 23, 1987.

Bill B. Wiggins and Robert S. Blatt, Fort Smith, Ark., for plaintiff.

James A. Arnold, II, Shaw, Ledbetter, Hornberger, Cogbill & Arnold, Fort Smith, Ark., for Standardized Sanitation Systems, Inc.

Woody Bassett, Bassett Law Firm, Fayetteville, Ark., for Pacific Floor Mach. Mfg. Co.

Robert L. Jones, Jr., Fort Smith, Ark., for Howell Elec. Motors.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

The court has reviewed the motion for partial summary judgment filed by defendants, Standardized Sanitation Systems, Inc., and Pacific Floor Machine Manufacturing Company, and believes that although the facts pertinent to the statute of limitations issue are undisputed, the defendants are not entitled to judgment as a matter of law. In addition, the court has determined that there are genuinely disputed material facts pertinent to the plaintiffs' claims for recovery of medical expenses incurred during their minority. The motion for summary judgment will be denied by order entered concurrently herewith.

## I. STATUTE OF LIMITATION

After considering defendants' statement of undisputed facts and plaintiffs' response thereto, the court finds the following material facts to be uncontested. The accident giving rise to plaintiffs' injuries occurred on July 15, 1982. Plaintiffs were both minors at the time of the accident but have since attained the age of majority. A complaint was filed by plaintiffs on December 20, 1985, asserting a product liability action against defendants. The plaintiffs' cause of action rests on both negligence and strict liability theories of recovery. Defendants filed a motion for summary judgment on January 2, 1987, contending, *inter alia,* that plaintiffs' cause of action based on strict liability was time barred. The court does not agree.

A products liability action (whether pursued on a theory of negligence, breach of warranty, or strict liability) must be brought within three years from the date on which the death, injury or damage complained of occurs. Ark.Stat.Ann. § 34–2803. *See also* Heimann, *The Arkansas Product Liability Act of 1979,* 35 Ark.L. Rev. 364 (1981). It is not contested that plaintiffs' claims are barred by this limitation period unless a savings statute extends the time for filing. Plaintiffs assert that the Arkansas General Savings Statute (Ark.Stat.Ann. § 37–226) does so extend the limitation period. Arkansas' general savings statute allows a minor to bring any action which accrued during the time of his minority within three years after he reaches the age of majority. *See* Ark.Stat.Ann. § 37–226. Plaintiffs have filed this cause of action within the time specified in section 37–226. The question posed by defendants, however, is whether plaintiffs are entitled to rely on the savings statute to extend the time for filing a products liability action brought on a theory of strict liability.

In 1913, the Arkansas Supreme Court held that the general savings statute does not apply "where a statutory right of action is given, which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced...." *Anthony v. St. Louis, I.M. & S. Ry. Co.,* 108 Ark. 219, 221, 157 S.W.2d 394 (1913). What has become known as the Anthony rule rested upon a logical premise that in such a situation where a statute both creates a new right and contains a period of limitation "the time so fixed becomes a limitation or condition upon the right of action, and will control." *Id.* 108 Ark. at 221, 157 S.W.2d 394. The Eighth Circuit recognized and approved of the Anthony rule in *Crawford v. Martin Marietta Corp.,* 622 F.2d 339 (8th Cir.1980).

The court has examined the history of strict liability in Arkansas and believes that such a cause of action did not exist at common law, however, the Arkansas statute creating the right to proceed on a theory of strict liability does not contain a time limitation on filing such actions. Therefore, the Anthony rule does not apply to

bar plaintiffs' reliance on the extended filing period available for minors under Arkansas' general savings statute. The findings of the court are based on the following analysis.

Since the recognition of strict liability in tort for the sale of dangerously defective products in *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57, 377 P.2d 897, 27 Cal.Rptr. 697 (1962), many states have adopted the Restatement (Second) of Torts approach to strict liability or a substantial equivalent. Heinman, *The Arkansas Product Liability Act of 1979*, 35 Ark.L.Rev. 364, 364 n. 1 (1981). Arkansas is no exception. In 1973, the Arkansas legislature recognized a cause of action based upon strict liability. *See* Ark.Stat.Ann. §§ 85-2-318.2, 85-2-318.3. The Arkansas Supreme Court in discussing the legislative enactment stated:

> Strict liability is a new theory of recovery in a cause of this sort [product liability]. It is a liability imposed by statute. It confers upon a plaintiff the right to recover damages upon a theory and under circumstances where a cause of action did not formerly exist. (citations omitted) Before the adoption of the act, appellee could have only recovered by proving negligence or a breach of warranty. After the passage of the act, for one in appellee's position, neither negligence nor breach of warranty would be an essential ingredient of the cause of action on strict liability. Thus a new cause of action exists and a new liability is imposed.

*General Motors Corp. v. Tate*, 257 Ark. 347, 353, 516 S.W.2d 602 (1974).

The court believes it to be well settled that strict liability is an entirely statutory cause of action in Arkansas that did not exist at common law. However, as noted above, this finding does not entitle the defendants to judgment as a matter of law. In order for the Anthony rule to come into play, the statute creating the right to proceed on a theory of strict liability must contain its own period of limitation.

Despite defendants' attempts to convince the court otherwise, the 1973 statute which first recognized strict liability actions in Arkansas does not contain a specific period of limitation. *See* Ark.Stat.Ann. § 85-2-318.2. After passage of the Act, courts applied the general three-year negligence limitation period found in Ark.Stat.Ann. § 37-206 to strict liability actions. Then, in 1979, the legislature passed The Product Liability Act which contained a three-year limitation period for all product liability actions. Ark.Stat.Ann. § 34-2803. Defendants attempt to merge this statute of limitation with the earlier statute adopting strict liability as a viable cause of action in Arkansas. Thus, defendant would place this case on all fours with *Anthony, supra*.

The court cannot see its way to adopt the defendants' theory for several reasons. First, the 1979 Product Liability Act established a general period of limitation for all product liability actions whether brought on a theory of negligence, warranty or strict liability. The Act did not set a specific statute of limitations for causes of actions brought pursuant to Ark.Stat.Ann. § 85-2-318.2. Second, it cannot be said that the 1979 Act in itself creates a new cause of action based on strict liability and contains a limitations period for that right. *See French v. Grove Mfg. Co.*, 656 F.2d 295 (8th Cir.1981). In *French*, the Eighth Circuit quite emphatically stated that the 1979 Act merely sets forth definitions to be used, establishes a limitations period, and enumerates defenses and indemnification remedies available in a products liability action. The Act does not create any new causes of action or substantive rights and liabilities. *Id.* at 298.

In summary, the Anthony rule prohibits application of the general savings statute to statutes which 1) create a right that did not exist at common law and 2) contain a specific statute of limitation. The Arkansas statute governing causes of action based on strict liability does create a new right that was not available at common law. However, the statute does not contain a specific period of limitation. Rather, such actions are governed by the general statute of limitations applicable to all products liability cases. Therefore, the general

savings statute operates to extend the time for minors to file a products liability action brought on a strict liability theory. The present cause of action filed by plaintiffs is not time barred.

## II. MEDICAL EXPENSES INCURRED DURING MINORITY

 Defendants have also requested partial summary judgment on plaintiffs' prayer for damages to compensate them for medical expenses incurred during their minority. The court believes that there are genuinely disputed issues of material fact with regard to this claim and thus summary judgment would be improper.

By its very terms, Rule 56 of the Federal Rules of Civil Procedure allows summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, — U.S. —, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the case at hand, the parties have correctly identified the essence of the governing substantive law in their respective discussions of *Sibley v. Ratliffe*, 50 Ark. 477, 8 S.W.2d 686 (1888). In *Sibley*, the Arkansas Supreme Court adopted the traditional rule that "in case of an injury to a minor child, two causes of action arise— one in favor of an infant for his personal injuries and one in favor of the parent for losses suffered by him or her." *Sibley*, 50 Ark. at 480, 8 S.W.2d 686. While the *Sibley* rule still carries precedential value, its holding has been limited to those cases "where the child is unemancipated and not responsible for his own debts and has not paid the bill for such expenses." *Parrott v. Mallett*, 262 Ark. 525, 558 S.W.2d 152 (1977). Thus, the substantive law identifies emancipation of the minor, responsibility for debts incurred and who paid for the medical expenses as material facts.

To survive summary judgment, Rule 56 requires the presence of a genuine dispute as to these material facts, that is, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson, supra.* In determining whether a factual dispute is genuine, the inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson, supra.* The court believes that reasonable minds could differ on the question of whether the plaintiffs were emancipated minors responsible for their own debts and thus there remains a genuine issue for trial precluding a grant of summary judgment.

For the reasons set forth above, the defendants' motion for summary judgment will be denied.